1  Sean P. Nalty, Esq. (State Bar No. 121253)
   WILSON, ELSER, MOSKOWITZ,
2  EDELMAN & DICKER LLP
   525 Market Street, 17th Floor
3  San Francisco, California 94105-2725
   Telephone:   (415) 433-0990
4  Facsimile:   (415) 434-1370

5  Attorneys for Defendants
   LIFE INSURANCE COMPANY OF AMERICA
6

7

8                  UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11 | DANIEL TOUSSAINT, MATTHEW        ) Case No. C07-03467 JL
   | TOUSSAINT, aka MATTHEW T.        )
12 | TOUSSAINT, and NICOLE TOUSSAINT, aka ) **LIFE INSURANCE COMPANY OF**
   | NICHOLE T. TOUSSAINT,            ) **NORTH AMERICA'S ANSWER TO**
13 |                                  ) **PLAINTIFFS' COMPLAINT**
   |         Plaintiffs,              )
14 |                                  )
   |    v.                            ) Complaint filed:    May 18, 2007
15 |                                  )
   | METROPOLITAN LIFE INSURANCE      )
16 | COMPANY, LIFE INSURANCE COMPANY  )
   | OF NORTH AMERICA, and CHARLES    )
17 | SCHWAB & CO., INC., and DOES 1-25, )
   | inclusive,                       )
18 |                                  )
   |         Defendants.              )
19 |                                  )

20

21      Defendants Life Insurance Company of North America ("LINA") hereby answers the

22  Complaint for damages ("the Complaint") filed by Plaintiffs Daniel Toussaint, Matthew Toussaint,

23  aka Mathew T. Toussaint, and Nicole Toussaint, aka Nichole T. Toussaint ("Plaintiffs") as follows:

24      1.   A response is not required to paragraphs 1 through 3 of the Complaint. Answering

25  the allegations in paragraph 4.a of the Complaint, LINA admits that it is a corporation.

26      2.   LINA denies the allegations in paragraphs 4.b & 4.c of the Complaint.

27      3.   Answering the allegations in paragraph 7 of the Complaint, LINA admits that the

28  group insurance policy that is the subject of this action was issued to Charles Schwab & Co., Inc.

1  ("Schwab"). In addition, documents in possession of LINA state that Peter J. Sabecky's ("Mr.
2  Sabecky") address was in Concord California. Except as so admitted, LINA is without knowledge
3  or information sufficient to form a belief as to the truth of the remaining allegations in this
4  paragraph, and on this basis, denies the remaining allegations in paragraph 7 of the Complaint.

5      4.    Answering the allegations in paragraph 8 of the Complaint, the causes of action
6  specified in this paragraph are attached the the Complaint. Except as so stated, LINA denies the
7  allegations in paragraph 8 of the Complaint.

8      5.    LINA denies the allegations in paragraph 9 of the Complaint.

9      6.    LINA denies the allegations in paragraph 10 of the Complaint.

## FIRST CLAIM FOR RELIEF

**(Breach of Contract)**

12      7.    Answering the allegations in paragraph BC-1 of the Complaint, LINA admits that
13  Mr. Sabecky, by virtue of his employment with Schwab, participated in an employee benefit plan
14  governed by the Employee Retirement Income Security Act of 1974 ("ERISA") under which he
15  was eligible for and received life and disability insurance coverage under a group insurance policy
16  issued to Schwab by LINA ("the Policy"). Upon Mr. Sabecky's death, life insurance benefits were
17  paid under the Policy to the beneficiary designated by Mr. Sabecky on the Beneficiary Designation
18  Form in the possession of LINA and signed by Mr. Sabecky on June 18, 1989. LINA further admits
19  that it has been provided an amended judgment that indicates that Mr. Sabecky was divorced.
20  Except as so stated and admitted, LINA denies the remaining allegations in paragraph BC-1 of the
21  Complaint.

22      8.    LINA denies the allegations in paragraph BC-2 of the Complaint.
23      9.    LINA denies the allegations in paragraph BC-3 of the Complaint.
24      10.    LINA denies the allegations in paragraph BC-4 of the Complaint.
25      11.    LINA denies the allegations in paragraph BC-5 of the Complaint.
26      12.    LINA denies the allegations in paragraph BC-6 of the Complaint.

## SECOND CLAIM FOR RELIEF

### (Breach of Contract)

13. LINA denies the allegations in paragraph BC-1 of the Complaint.
14. LINA denies the allegations in paragraph BC-2 of the Complaint.
15. LINA denies the allegations in paragraph BC-3 of the Complaint.
16. LINA denies the allegations in paragraph BC-4 of the Complaint.
17. LINA denies the allegations in paragraph BC-5 of the Complaint.
18. LINA denies the allegations in paragraph BC-6 of the Complaint.

## THIRD CLAIM FOR RELIEF

### (Breach of Contract)

19. LINA denies the allegations in paragraph BC-1 of the Complaint.
20. LINA denies the allegations in paragraph BC-2 of the Complaint.
21. LINA denies the allegations in paragraph BC-3 of the Complaint.
22. LINA denies the allegations in paragraph BC-4 of the Complaint.
23. LINA denies the allegations in paragraph BC-5 of the Complaint.
24. LINA denies the allegations in paragraph BC-6 of the Complaint

## FOURTH CLAIM FOR RELIEF

### (Fraud)

25. LINA denies the allegations in paragraph FR-1 of the Complaint
26. LINA denies the allegations in paragraph FR-2 of the Complaint.
27. LINA denies the allegations in paragraph FR-3 of the Complaint
28. LINA denies the allegations in paragraph FR-4 of the Complaint
29. LINA denies the allegations in paragraph FR-5 of the Complaint
30. LINA denies the allegations in paragraph FR-6 of the Complaint
31. LINA denies the allegations in paragraph FR-7 of the Complaint

## FIFTH CLAIM FOR RELIEF

### (Fraud)

32. LINA denies the allegations in paragraph FR-1 of the Complaint.

1  33.  LINA denies the allegations in paragraph FR-2 of the Complaint.
2  34.  LINA denies the allegations in paragraph FR-3 of the Complaint.
3  35.  LINA denies the allegations in paragraph FR-4 of the Complaint
4  36.  LINA denies the allegations in paragraph FR-5 of the Complaint
5  37.  LINA denies the allegations in paragraph FR-6 of the Complaint
6  38.  LINA denies the allegations in paragraph FR-7 of the Complaint

### SIXTH CLAIM FOR RELIEF

#### (Fraud)

9  39.  LINA denies the allegations in paragraph FR-1 of the Complaint.
10 40.  LINA denies the allegations in paragraph FR-2 of the Complaint.
11 41.  LINA denies the allegations in paragraph FR-3 of the Complaint.
12 42.  LINA denies the allegations in paragraph FR-4 of the Complaint.
13 43.  LINA denies the allegations in paragraph FR-5 of the Complaint.
14 44.  LINA denies the allegations in paragraph FR-6 of the Complaint.
15 45.  LINA denies the allegations in paragraph FR-7 of the Complaint.

### SEVENTH CLAIM FOR RELIEF

#### (Common Counts)

18 46.  LINA denies the allegations in paragraph CC-1 of the Complaint.
19 47.  LINA denies the allegations in paragraph CC-2 of the Complaint.
20 48.  LINA denies the allegations in paragraph CC-3 of the Complaint.
21 49.  LINA denies the allegations in paragraph CC-4 of the Complaint.

### CLAIM FOR EXEMPLARY DAMAGES

23 50.  LINA denies the allegations in paragraph EX.-1 of the Complaint.
24 51.  LINA denies the allegations in paragraph EX-2 of the Complaint.
25 52.  Except as expressly admitted, LINA denies each and every allegation in the Complaint.

## AFFIRMATIVE DEFENSES

1. As a first affirmative defense, LINA alleges that Plaintiffs, and each of them, have failed to state a claim for relief against LINA.

2. As a second affirmative defense, LINA alleges that this matter is governed by the Employee Retirement Income Security Act of 1974 ("ERISA") and therefore all of Plaintiffs' common law claims for relief, including but not limited to, for breach of contract, fraud, and punitive damages, are preempted by ERISA and must be dismissed, with prejudice. Mr. Sabecky, by virtue of his employment with Schwab, participated in an employee benefit plan governed by ERISA under which he was eligible for and received life and disability insurance coverage under a group insurance policy issued to Schwab by LINA ("the Policy"). The coverage at issue in this action was provided under the Policy. The claim for life insurance benefits, made by Plaintiffs and that also is the subject of this action, was adjudicated under ERISA. ERISA governs this action and therefore each claim for relief in the Complaint is preempted by ERISA.

3. As a third affirmative defense, LINA alleges that the written beneficiary form in LINA's possession, at the time of Mr. Sabecky's death, was signed by Mr. Sabecky and specified Rebecca H. Sabecky as the primary beneficiary. LINA correctly paid the life insurance proceeds under the Policy to Rebecca H. Sabecky based on this written and signed beneficiary designation and in accordance with the terms of the Policy. Accordingly, Plaintiffs' are not entitled to the life insurance benefits under the Policy.

4. As a fourth affirmative defense, LINA alleges that it justifiably and reasonably relied on the beneficiary designation form signed by Mr. Sabecky on June 18, 1989 and specifying Rebecca H. Sabecky as the beneficiary under the Policy. Based on this reasonable reliance, LINA paid the life insurance benefits under the Policy to Rebecca H. Sabecky after the death of Mr. Sabecky. Accordingly, this matter must be dismissed as Rebecca H. Sabecky is not joined as a party to this action and is an indispensable party under Federal Rule of Civil Procedure 19.

5. As a fifth affirmative defense, LINA alleges that Plaintiffs, and each of them, have not exhausted their administrative remedies under ERISA and threrefore this action much be dismissed. Specifically, in a letter dated May 9, 2006 to James R. Morgan, LINA set forth

1  Plaintiffs' right to appeal LINA's determination that the life insurance benefits under the Policy are
2  not payable to Plaintiff. Plaintiff failed to pursue this administrative appeal and therefore cannot
3  bring this action.

4      6.    As a sixth affirmative defense, LINA alleges that, as a claims administrator, it is not
5  a proper party to this action for benefits under a Policy governed by ERISA.

6      7.    As a seventh affirmative defense, LINA alleges that it has discretion to interpret the
7  terms of the Policy and to make benefit decisions under the Policy. Accordingly, the abuse of
8  discretion standard applies in this action and LINA did not abuse its discretion in making the claim
9  decision that is the subject of this action.

10     8.    As a eigth affirmative defense, LINA alleges that it justifiably and reasonably relied
11 on the beneficiary designation form signed by Mr. Sabecky on June 18, 1989 and specifying
12 Rebecca H. Sabecky as the beneficiary under the Policy. Based on this reasonable reliance, LINA
13 paid the life insurance benefits under the Policy to Rebecca H. Sabecky after the death of Mr.
14 Sabecky. The law and equity do not require that LINA pay this benefit again. If Plaintiffs do have
15 any remedies, their remedies are against third parties, including, but not limited to, Rebecca H.
16 Sabecky who is in the possession of the life insurance benefits that are the subject of this action.

17     9.    As a ninth affirmative defense, LINA alleges that LINA justifiably and reasonably
18 relied on the beneficiary designation form signed by Mr. Sabecky on June 18, 1989 and specifying
19 Rebecca H. Sabecky as the beneficiary under the Policy. Based on this reasonable reliance, LINA
20 paid the life insurance benefits under the Policy to Rebecca H. Sabecky after the death of Mr.
21 Sabecky. Neither Plaintiffs nor Mr. Sabecky provided LINA with a change of beneficiary form
22 stating that Plaintiffs are the proper beneficiaries. Accordingly, Plaintiffs, and each of them, have
23 waived any rights to the benefits under the Policy that is the subject of this action and are estopped
24 from recovering any benefits from LINA.

25     10.    As a tenth affirmative defense, LINA alleges that it has been discharged from any
26 liability in this action pursuant to Insurance Code section 10172. Specifically, relying on the
27 beneficiary designation form signed by Mr. Sabecky on June 18, 1989, LINA contacted Rebecca H.
28 Sabecky concerning the life insurance benefits under the Policy. Mrs. Sabecky, now going by the

1  name of Rebecca Gonzales, submitted a claim form to LINA, provided LINIA with a death
2  certificate, and confirmed that she was the Rebecca H. Sabecky specified on the beneficiary
3  designation. On or about June 30, 2005, the life insurance benefits were paid to Rebecca Gonzales.
4  LINA was not aware of any other claims for the Policy benefits at the time it paid the benefit to
5  Rebecca Gonzales.

6      11.    As an eleventh affirmative defense, LINA alleges, on information and belief, that at
7  the time that she made the claim for benefits, Rebecca Gonzales knew, or should have known, that
8  Mr. Sabecky intended to change his beneficiaries under the Policy pursuant to their divorce.
9  Nonetheless, Ms. Gonzales pursued the claim for benefits under the Policy, and accepted the benefit
10 payments under the Policy, without advising LINA that Mr. Sabecky intended to change the
11 beneficiaries under the Policies. Accordingly, in the event that LINA is found liable to Plaintiff,
12 LINA is entitled to full indemnity from Ms. Gonzales and Ms. Gonzales is required to restore to
13 LINA all benefits paid to her under the Policy.

    WHEREFORE, LINA prays for judgment in its favor as follows:

1. That Plaintiffs take nothing by reason of their Complaint on file herein;
2. That LINA be awarded its costs and expenses incurred in this action;
3. That LINA be awarded its attorneys' fees incurred in this action; and
4. That LINA recover such other relief as the Court may deem just and proper.

Dated: July 20, 2007

    WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By: /s/ Sean P. Nalty
SEAN P. NALTY
Attorneys for Defendant
LIFE INSURANCE COMPANY OF NORTH AMERICA