Sean P. Nalty, Esq. (State Bar No. 121253)
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
525 Market Street, 17th Floor
San Francisco, California 94105-2725
Telephone:    (415) 433-0990
Facsimile:    (415) 434-1370

Attorneys for Defendants
LIFE INSURANCE COMPANY OF AMERICA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL TOUSSAINT, MATTHEW TOUSSAINT, aka MATTHEW T. TOUSSAINT, and NICOLE TOUSSAINT, aka NICHOLE T. TOUSSAINT, <br><br> Plaintiffs, <br><br> v. <br><br> METROPOLITAN LIFE INSURANCE COMPANY, LIFE INSURANCE COMPANY OF NORTH AMERICA, and CHARLES SCHWAB & CO., INC., and DOES 1-25, inclusive, <br><br> Defendants. <br> ———————————————— <br> LIFE INSURANCE COMPANY OF NORTH AMERICA, <br><br> Third Party Plaintiff, <br><br> v. <br><br> REBECCA GONZALES, <br><br> Third Party Defendant. <br> ———————————————— | Case No. C07-03467 MJJ <br><br> **LIFE INSURANCE COMPANY OF NORTH AMERICA'S THIRD PARTY COMPLAINT FOR DECLARATORY RELIEF AGAINST REBECCA GONZALES** <br><br> Complaint filed:    May 18, 2007 |

**PARTIES**

1.    Third party plaintiff Life Insurance Company of North America ("LINA") is a corporation organized and existing under the laws of the state of Pennsylvania.

2.    LINA is and at all times relevant hereto was authorized to conduct and is conducting business as a disability and life insurer in the State of California.

3.    LINA is informed and believes, and on that basis alleges, that third party defendant Rebecca Gonzales ("Gonzales") is a resident of Pittsburg, California.

4.    On May 18, 2007, Plaintiffs Daniel Toussaint, Matthew Toussaint, aka Mathew T. Toussaint, and Nicole Toussaint, aka Nichole T. Toussaint (collectively "Toussaints") filed a complaint ("the Complaint") in Contra Costa County Superior Court against Metropolitan Life Insurance Company ("Metropolitan"), LINA, and Charles Schwab & Company ("Schwab"). This action was removed by LINA to the United States District Court.

5.    Among other things, the Toussaints allege in the Complaint that LINA is required to pay to them life insurance benefits under a group insurance policy ("the Policy") issued by LINA to Schwab that provided life insurance coverage to Peter J. Sabecky ("Mr. Sabecky") as a benefit of his employment with Schwab.  The Toussaints allege that Mr. Sabecky passed away, that they made a claim for benefits under the Policy ("the Claim"), and that the Claim was wrongfully denied by LINA.  The Toussaints allege claims for relief for breach of contract, common counts, fraudulent concealment, promissory estoppel, negligent misrepresentation, and fraud.  They claim damages in the amount of $58,000.00 in life insurance benefits, interest, attorneys' fees, and punitive damages.  LINA expressly denies any liability to the Toussaints, or to any other party in this matter, and denies the allegations stated in the Complaint as set forth in the answer filed by LINA in this action on July 20, 2007 and incorporated fully herein.

**DECLARATORY RELIEF FOR RESTITUTION AGAINST GONZALES**

6.    LINA refers to and incorporates by reference, as though fully set forth herein, the allegations contained in paragraphs 1 through 5 above.

7.    LINA brings this declaratory relief action under the Employee Retirement Income Security Act of 1974 ("ERISA").   ERISA authorizes fiduciaries to bring actions to obtain

1   equitable relief to enforce, or redress a violation of, the terms of the plan or the requirements of

2   ERISA.   See 29 U.S.C.A. § 1132(a)(3)(B).   In addition, Federal Rule of Civil Procedure 14

3   authorizes the filing of a third party complaint against an individual who is or may be liable to

4   the third party plaintiff.   LINA is the claim administrator under the Policy that was provided to

5   the employee benefit plan offered by Schwab that is the subject of this action.

6           8.      The Complaint involves a life insurance policy issued by LINA that provided life

7   insurance coverage to Mr. Sabecky though his employer Schwab.   The Toussaints allege that the

8   Policy under which this dispute arises was issued by LINA to the Charles Schwab & Co. Inc.

9   The Policy provided group life insurance coverage to the Charles Schwab & Co. employee

10  benefit plan.   The eligible employees are defined as all active full-time regular employees of the

11  Policyholder Schwab, working 20 or more hours per week.   Mr. Sabecky qualified for coverage

12  under the Policy by virtue of his employment at Schwab.   The life insurance coverage under the

13  Policy was part of the benefits provided to Mr. Sabecky by virtue of his employment at Schwab.

14          9.      A beneficiary designation, signed by Mr. Sabecky on June 18, 1989, provides that

15  Rebecca H. Sabecky is the beneficiary of the life insurance benefits under the Policy.   Upon Mr.

16  Sabecky's death on April 4, 2005, based on the beneficiary form, LINA contacted Rebecca H.

17  Sabecky who was then going by the name of Rebecca Gonzales.   Consistent with the information

18  on the beneficiary designation, LINA contacted Gonzales to determine if she wanted to make a

19  claim under the Policy.   LINA provided to her the necessary forms to fill out and submit if she

20  wished to pursue a claim under the Policy for the life insurance benefits that were payable upon

21  the death of Mr. Sabecky.

22          10.     Gonzales provided to LINA a death certificate and a completed Group Term Life

23  Insurance Claim Form.   She also signed a certification stating that she was one and the same

24  person as Rebecca Sabecky, wife, as shown on the insurance record cards for Mr. Sabecky.

25  Based on the claim form, death certificate, and certification provided by Gonzales, LINA paid to

26  her $58,090.60 which is the life insurance benefit under the Policy and interest.   This amount

27  was deposited into a CIGNA Assurance account in Gonzales' name on or about June 30, 2005.

28  Gonzales never advised LINA of Mr. Sabecky's intent to change the beneficiary under the

1    Policy.  Gonzales never advised LINA that she and Mr. Sabecky, in their divorce proceedings,

2    entered into a stipulation in June 2002 allocating the couple's community property assets.

3    Gonzales never advised LINA that she and Mr. Sabecky had been separated since May 2000.

4         11.    The Toussaints now allege in the Complaint that LINA wrongfully paid the

5    benefits to Gonzales and that after the dissolution of marriage on June 6, 2002, Mr. Sabecky

6    intended to change his beneficiary designation under the Policy to the Toussaints.  Although

7    LINA denies any wrongdoing in this action, in the event that LINA is found liable to the

8    Toussaints pursuant to the allegations in the Complaint, and if it is found that LINA paid the

9    benefits to the incorrect beneficiary, then LINA alleges that it is entitled to restitution from

10   Gonzales of the $58,090.60 in life insurance benefits and interest paid to her by LINA under the

11   Policy.    LINA paid benefits to Gonzales in good faith, based on the information and

12   documentation provided by Gonzales, and without any knowledge of Mr. Sabecky's intent to

13   change his beneficiary designation under the Policy.  LINA was never advised by Gonzales of

14   Mr. Sabecky's intent to change his beneficiaries.    It is inequitable, and constitutes unjust

15   enrichment, if Gonzales is allowed to keep the benefits if they were incorrectly paid to her.  The

16   incorrect payment of benefits under the Policy wrongfully depleted the assets of the employee

17   benefit plan that is the subject of this action.  The benefits must be restored to LINA.

18        12.    An actual controversy has arisen and now exists between LINA and Gonzales

19   concerning the life insurance proceeds.  In the event that LINA is found liable to the Toussaints

20   pursuant to the allegations in the Complaint, LINA contends that Gonzales must restore to LINA

21   the $58,090.60 in life insurance benefits and interest paid to her by LINA under the Policy.

22   LINA alleges, on information and belief, that Gonzales denies that she is required to restore these

23   benefits to LINA.

24        13.    In the event that LINA is found liable to the Toussaints pursuant to the allegations

25   in the Complaint, a declaration is necessary and appropriate from this Court requiring Gonzales

26   to restore to LINA the $58,090.60 in life insurance benefits and interest incorrectly paid to her by

27   LINA under the Policy.

28

**THIRD PARTY COMPLAINT FOR DECLARATORY RELIEF**    Case No. C07-03467 MJJ

290471.1

1

## PRAYER

2      WHEREFORE, LINA prays for judgment as follows:

3          1.    In the event that LINA is found liable to the Toussaints pursuant to the

4  allegations in the Complaint, for an order compelling Gonzales to restore to LINA the

5  $58,090.60 in life insurance benefits and interest incorrectly paid to her by LINA under the

6  Policy;

7          2.    For costs of suit incurred herein;

8          3.    For attorney fees incurred; and

9          4.    For an order granting such other relief as is appropriate under the

10  circumstances of this matter.

11  Dated:  July 25, 2007        WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

12

13              By:_____
                        SEAN P. NALTY
14              Attorneys for Defendant and Third Party Plaintiff
                LIFE INSURANCE COMPANY OF NORTH AMERICA
15

16

17

18

19

20

21

22

23

24

25

26

27

28

**THIRD PARTY COMPLAINT FOR DECLARATORY RELIEF**    Case No. C07-03467 MJJ

290471.1