Kim Zeldin (SBN: 135780)
   kzeldin@linerlaw.com
Ronald S. Kravitz (SBN: 129704)
   rkravitz@linerlaw.com
LINER YANKELEVITZ
SUNSHINE & REGENSTREIF LLP
199 Fremont Street, 20th Floor
San Francisco, CA 94105-2255
Telephone:  (415) 489-7700
Facsimile:  (415) 489-7701

Attorneys for Defendant
CHARLES SCHWAB & CO., INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL TOUSSAINT, MATTHEW TOUSSAINT, aka MATTHEW T. TOUSSAINT, and NICOLE TOUSSAINT, aka NICHOLE T. TOUSSAINT,<br><br>   Plaintiffs,<br><br>vs.<br><br>METROPOLITAN LIFE INSURANCE COMPANY, LIFE INSURANCE COMPANY OF NORTH AMERICA, and CHARLES SCHWAB & CO., INC., and DOES 1-25, inclusive,<br><br>   Defendants. | Case No. C 07-03467 MJJ<br><br>**DEFENDANT CHARLES SCHWAB & CO., INC.'S ANSWER TO COMPLAINT** |

   Defendant Charles Schwab & Co., Inc. ("Schwab") hereby answers the Complaint filed by Plaintiffs Daniel Toussaint, Matthew Toussaint, aka Mathew T. Toussaint, and Nicole Toussaint, aka Nichole T. Toussaint ("Plaintiffs" or the "Toussaints") ("the Complaint") as follows:

   1.   A response is not required to paragraphs 1 through 3 of the Complaint.

   2.   Answering the allegations in paragraph 4.a of the Complaint, Schwab admits that it is a corporation.  Upon information and belief, Schwab admits that defendants Metropolitan Life Insurance Company ("MetLife") and Life Insurance Company of North America ("LINA") are corporations.  Except as so admitted, Schwab denies the allegations contained in paragraph 4.a of the Complaint.

3. Schwab denies the allegations in paragraphs 4.b & 4.c of the Complaint.

4. Plaintiffs did not check boxes 5 and 6 of the Complaint, and therefore a response is not required to paragraph 5 and 6 of the Complaint.

5. Answering the allegations in paragraph 7 of the Complaint, Schwab admits that the group insurance policy that is the subject of this action was issued to Peter J. Sabecky ("Mr. Sabecky"), whose address at the time was in Concord California. Except as so admitted, Schwab is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on this basis, denies the remaining allegations in paragraph 7 of the Complaint.

6. Answering the allegations in paragraph 8 of the Complaint, Schwab admits Plaintiffs have alleged causes of action for breach of contract, fraudulent concealment, negligent and intentional misrepresentation. Except as so stated, Schwab denies the allegations in paragraph 8 of the Complaint.

7. Answering paragraph 9 of the Complaint, Schwab admits that Plaintiffs are seeking exemplary damages. Except as so admitted, Schwab denies the allegations in paragraph 9 of the Complaint.

8. Schwab denies the allegations in paragraph 10 of the Complaint and specifically denies that Plaintiffs are entitled to any relief whatsoever.

**FIRST CLAIM FOR RELIEF**

**(Breach of Contract)**

9. Answering the allegations in paragraph BC-1 "First Cause of Action -- Breach of Contract" of the Complaint ("First Cause of Action"), Schwab admits that Mr. Sabecky was an employee of Schwab, and participated in an employee benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA") under which he was eligible for and received life and disability insurance coverage under a group insurance policy issued by LINA (the "LINA Policy"). On information and belief, Schwab admits and avers that upon Mr. Sabecky's death, life insurance benefits were paid under the LINA Policy to the beneficiary designated by Mr. Sabecky on the beneficiary designation form signed by Mr. Sabecky on June 18, 1989. Schwab avers, on

information and belief, that Mr. Sabecky became disabled and was approved for Waiver of Premium under LINA's Policy on February 28, 1993. Schwab avers that it terminated their life insurance with LINA on January 1, 1994 and moved their coverage to MetLife. Schwab avers that because Mr. Sabecky was on Waiver of Premium until his death on April 4, 2005, his life insurance remained with LINA. Schwab admits and avers, on information and belief, that Mr. Sabecky signed a MetLife beneficiary designation form on or about January 8, 2003 listing Plaintiffs as beneficiaries. However, Mr. Sabecky was not a participant in the MetLife plan. Except as so admitted and averred, Schwab denies the remaining allegations in paragraph BC-1, First Cause of Action, of the Complaint.

10. Schwab denies the allegations in paragraph BC-2, First Cause of Action, of the Complaint.

11. Schwab denies the allegations in paragraph BC-3, First Cause of Action, of the Complaint.

12. Schwab denies the allegations in paragraph BC-4, First Cause of Action, of the Complaint.

13. Schwab denies the allegations in paragraph BC-5, First Cause of Action, of the Complaint.

14. Schwab denies the allegations in paragraph BC-6, First Cause of Action, of the Complaint.

## SECOND CLAIM FOR RELIEF

**(Breach of Contract)**

15. Schwab denies the allegations in paragraph BC-1 "Second Cause of Action -- Breach of Contract" of the Complaint ("Second Cause of Action").

16. Schwab admits on information and belief that Mr. Sabecky passed away on April 4, 2005, as an unmarried man. Except as so admitted, Schwab denies the allegations in paragraph BC-2, Second Cause of Action, of the Complaint.

17. Schwab denies the allegations in paragraph BC-3, Second Cause of Action, of the Complaint.

1   18.  Schwab denies the allegations in paragraph BC-4, Second Cause of Action, of the
2 Complaint.
3   19.  Schwab denies the allegations in paragraph BC-5, Second Cause of Action, of the
4 Complaint.
5   20.  Schwab denies the allegations in paragraph BC-6, Second Cause of Action, of the
6 Complaint.

7                           **THIRD CLAIM FOR RELIEF**
8                                **(Breach of Contract)**

9   21.  Schwab denies the allegations contained in paragraph BC-1 "Third Cause of Action
10 -- Breach of Contract" of the Complaint ("Third Cause of Action").
11   22.  Schwab denies the allegations in paragraph BC-2, Third Cause of Action, of the
12 Complaint.
13   23.  Schwab denies the allegations in paragraph BC-3, Third Cause of Action, of the
14 Complaint.
15   24.  Schwab denies the allegations in paragraph BC-4, Third Cause of Action, of the
16 Complaint.
17   25.  Schwab denies the allegations in paragraph BC-5, Third Cause of Action, of the
18 Complaint.
19   26.  Schwab denies the allegations in paragraph BC-6, Third Cause of Action, of the
20 Complaint.

21                          **FOURTH CLAIM FOR RELIEF**
22                                     **(Fraud)**

23   27.  Schwab denies the allegations in paragraph FR-1 "Fourth Cause of Action -- Fraud"
24 of the Complaint ("Fourth Cause of Action").
25   28.  Schwab denies the allegations in paragraph FR-2, Fourth Cause of Action, of the
26 Complaint.
27   29.  Schwab denies the allegations in paragraph FR-3, Fourth Cause of Action, of the
28 Complaint.

30. Schwab denies the allegations in paragraph FR-4, Fourth Cause of Action, of the Complaint.

31. Schwab denies the allegations in paragraph FR-5, Fourth Cause of Action, of the Complaint.

32. Schwab denies the allegations in paragraph FR-6, Fourth Cause of Action, of the Complaint.

33. Schwab denies the allegations in paragraph FR-7, Fourth Cause of Action, of the Complaint.

## FIFTH CLAIM FOR RELIEF

### (Fraud)

34. Schwab denies the allegations in paragraph FR-1 "Fifth Cause of Action -- Fraud" of the Complaint ("Fifth Cause of Action").

35. Schwab denies the allegations in paragraph FR-2, Fifth Cause of Action, of the Complaint.

36. Schwab denies the allegations in paragraph FR-3, Fifth Cause of Action, of the Complaint.

37. Schwab denies the allegations in paragraph FR-4, Fifth Cause of Action, of the Complaint.

38. Schwab denies the allegations in paragraph FR-5, Fifth Cause of Action, of the Complaint.

39. Schwab denies the allegations in paragraph FR-6, Fifth Cause of Action, of the Complaint.

40. Schwab denies the allegations in paragraph FR-7, Fifth Cause of Action, of the Complaint.

## SIXTH CLAIM FOR RELIEF

### (Fraud)

41. Schwab denies the allegations in paragraph FR-1 "Sixth Cause of Action -- Fraud" of the Complaint ("Sixth Cause of Action").

42. Schwab denies the allegations in paragraph FR-2, Sixth Cause of Action, of the Complaint.

43. Schwab denies the allegations in paragraph FR-3, Sixth Cause of Action, of the Complaint.

44. Schwab denies the allegations in paragraph FR-4, Sixth Cause of Action, of the Complaint.

45. Schwab denies the allegations in paragraph FR-5, Sixth Cause of Action, of the Complaint.

46. Schwab denies the allegations in paragraph FR-6, Sixth Cause of Action, of the Complaint.

47. Schwab denies the allegations in paragraph FR-7, Sixth Cause of Action, of the Complaint.

## SEVENTH CLAIM FOR RELIEF

### (Common Counts)

48. Schwab denies the allegations in paragraph CC-1 "Seventh Cause of Action -- Common Counts" of the Complaint ("Seventh Cause of Action").

49. Schwab denies the allegations in paragraph CC-2, Seventh Cause of Action, of the Complaint.

50. Schwab denies the allegations in paragraph CC-3, Seventh Cause of Action, of the Complaint.

51. Schwab denies the allegations in paragraph CC-4, Seventh Cause of Action, of the Complaint.

## EXEMPLARY DAMAGES ATTACHMENT

52. Schwab denies the allegations in paragraph EX-1 of the Complaint.

53. Schwab denies the allegations in paragraph EX-2 of the Complaint.

54. Except as expressly admitted, Schwab denies each and every allegation in the Complaint.

AND NOW, further answering, Schwab affirmatively avers:

### FIRST DEFENSE

1.  Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

2.  Plaintiffs fail to state a claim for breach of fiduciary duty under ERISA § 404, 29 U.S.C. § 1104.

### THIRD DEFENSE

3.  At all times, Schwab acted in conformity with any and all obligations imposed upon it under ERISA, such that Schwab has no liability to Plaintiffs.

### FOURTH DEFENSE

4.  Plaintiffs' actions and the claims and demands sought to be asserted in the Complaint are barred by estoppel, waiver, acquiescence, and/or ratification.

### FIFTH DEFENSE

5.  Any alleged injury or damage suffered by Plaintiffs was in no way caused by, or a result of, any fault, act or omission by Schwab, but was caused by circumstances, persons or entities for which Schwab is not responsible, including Plaintiffs, and for which Schwab cannot be held liable.

### SIXTH DEFENSE

6.  In the event that Plaintiffs have otherwise stated any claim or cause of action, which is specifically denied, Schwab avers that Plaintiffs proximately caused, or alternatively, contributed to, or alternatively, failed to mitigate, any and all losses or damages claimed by them.

### SEVENTH DEFENSE

7.  Plaintiffs' claims are barred by the doctrine of laches.

### EIGHTH DEFENSE

8.  Plaintiffs' claims are barred by the applicable statute of limitations including but not limited to 29 U.S.C. § 1113.

**NINTH DEFENSE**

9. This matter must be dismissed as Rebecca H. Sabecky is not joined as a party to this action and is an indispensable party under Federal Rule of Civil Procedure 19.

**TENTH DEFENSE**

10. Schwab alleges that Plaintiffs, and each of them, have not exhausted their administrative remedies under ERISA and therefore this action much be dismissed.

**ELEVENTH DEFENSE**

11. Plaintiffs' common law claims for relief, including but not limited to, for breach of contract, fraud, and punitive damages, are preempted by ERISA and must be dismissed, with prejudice.

WHEREFORE, Schwab prays for judgment in its favor as follows:

1. That Plaintiffs take nothing by reason of their Complaint on file herein;
2. That Schwab be awarded its costs and expenses incurred in this action;
3. That Schwab be awarded its attorneys' fees incurred in this action; and
4. That Schwab recover such other relief as the Court may deem just and proper.

Dated: August 10, 2007

LINER YANKELEVITZ
SUNSHINE & REGENSTREIF LLP


By: _____/s/_____
    Kim Zeldin

Attorneys for Defendant
CHARLES SCHWAB & CO., INC.