1 | Kim Zeldin, Esq. (SBN: 135780)
kzeldin@linerlaw.com
2 | Ronald S. Kravitz, Esq. (SBN: 129704)
rkravitz@linerlaw.com
3 | LINER YANKELEVITZ
SUNSHINE & REGENSTREIF LLP
4 | 199 Fremont Street, 20th Floor
San Francisco, CA 94105-2255
5 | Telephone: (415) 489-7700
Facsimile: (415) 489-7701

Attorneys for Defendant
CHARLES SCHWAB & CO., INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DANIEL TOUSSAINT, MATTHEW TOUSSAINT, aka MATTHEW T. TOUSSAINT, and NICOLE TOUSSAINT, aka NICHOLE T. TOUSSAINT,<br><br>  Plaintiffs,<br><br>vs.<br><br>METROPOLITAN LIFE INSURANCE COMPANY, LIFE INSURANCE COMPANY OF NORTH AMERICA, and CHARLES SCHWAB & CO., INC., and DOES 1-25, inclusive,<br><br>  Defendants. | Case No. C 07-03467 MJJ<br><br>**THIRD PARTY COMPLAINT AGAINST REBECCA GONZALES BY CHARLES SCHWAB & CO., INC.** |
| CHARLES SCHWAB & CO., INC.,<br><br>  Third-Party Plaintiff,<br><br>vs.<br><br>REBECCA GONZALES,<br><br>  Third-Party Defendant. | |

## PARTIES

1. Third-party plaintiff Charles Schwab & Co., Inc. ("Schwab") is a corporation organized and existing under the laws of the state of California.

2. Schwab is informed and believes, and on that basis alleges, that third-party defendant Rebecca Gonzales ("Gonzales") is a resident of Pittsburg, California.

3. On May 18, 2007, Plaintiffs Daniel Toussaint, Matthew Toussaint, aka Mathew T. Toussaint, and Nicole Toussaint, aka Nichole T. Toussaint (collectively "Toussaints") filed a complaint ("the Complaint") in Contra Costa County Superior Court against Metropolitan Life Insurance Company ("Metropolitan"), Life Insurance Company of North America ("LINA"), and Schwab. This action was removed by LINA to the United States District Court.

4. Among other things, the Toussaints allege in the Complaint that defendants are required to pay to them life insurance benefits under a group insurance policy (the "LINA Policy") issued by LINA to Schwab that provided life insurance coverage to Peter J. Sabecky ("Mr. Sabecky") as a benefit of his employment with Schwab. The Toussaints allege that Mr. Sabecky passed away, that they made a claim for benefits under the LINA Policy ("the Claim"), and that the LINA Claim was wrongfully denied by LINA. The Toussaints further allege that they made a claim for the same benefits under the MetLife policy, which claim was wrongfully denied. It is unclear on what basis, but the Toussaints appear to claim Schwab is obligated to pay the insurance proceeds from its corporate funds. The Toussaints allege claims for relief for breach of contract, common counts, fraudulent concealment, negligent misrepresentation, and fraud. They claim damages in the amount of $58,000.00 in life insurance benefits, interest, attorneys' fees, and punitive damages. Schwab expressly denies any liability to the Toussaints, or to any other party in this matter, and denies the allegations stated in the Complaint as set forth in the answer filed by Schwab in this action.

## DECLARATORY RELIEF

5. Schwab incorporates by reference, as though fully set forth herein, the allegations contained in paragraphs 1 through 5 above.

6. Schwab brings this declaratory relief action under the Employee Retirement Income Security Act of 1974 ("ERISA").  ERISA authorizes fiduciaries to bring actions to obtain equitable relief to enforce, or redress a violation of, the terms of the plan or the requirements of ERISA.  See 29 U.S.C.A. § 1132(a)(3)(B).  In addition, Federal Rule of Civil Procedure 14 authorizes the filing of a third-party complaint against an individual who is or may be liable to the third-party plaintiff.

7. The Complaint involves a life insurance policy issued by LINA that provided life insurance coverage to Mr. Sabecky through Schwab, his employer (the "LINA Policy").  The LINA Policy provided group life insurance coverage to the Schwab employee benefit plan.  Mr. Sabecky qualified for coverage under the LINA Policy by virtue of his employment at Schwab.  The life insurance coverage under the LINA Policy was part of the benefits provided to Mr. Sabecky by virtue of his employment at Schwab.

8. A beneficiary designation, signed by Mr. Sabecky on June 18, 1989, provides that Rebecca H. Sabecky is the beneficiary of the life insurance benefits under the Policy.  Schwab is informed and believes and therefore alleges that, upon Mr. Sabecky's death on April 4, 2005, LINA contacted Rebecca H. Sabecky who was then going by the name of Rebecca Gonzales to determine if she wanted to make a claim under the Policy.

9. Schwab is informed and believes and therefore alleges that Gonzales provided LINA with a death certificate, a completed Group Term Life Insurance Claim Form, and a certification stating that she was one and the same person as Rebecca Sabecky, "wife," as shown on the LINA insurance record cards for Mr. Sabecky.  Schwab is informed and believes and therefore alleges that on or about June 30, 2005, LINA paid to Gonzales $58,090.60, which is the life insurance benefit under the LINA Policy and interest.  Schwab is informed and believes and therefore alleges that Gonzales never advised LINA that she and Mr. Sabecky had been separated since May 2000 and were subsequently divorced, or that she and Mr. Sabecky, in their divorce proceedings, entered into a stipulation in June 2002 allocating the couple's community property assets, including the life insurance proceeds.

10. An actual controversy has arisen and now exists between Schwab and Gonzales concerning the life insurance proceeds.  In the event that Schwab is found liable to the Toussaints

pursuant to the allegations in the Complaint, Schwab contends that Gonzales must restore to Schwab the $58,090.60 in life insurance benefits and interest paid to her by LINA under the Policy. Schwab alleges, on information and belief, that Gonzales denies that she is required to restore these monies to Schwab.

**RESTITUTION**

11. The Toussaints allege in their Complaint that LINA wrongfully paid the benefits to Gonzales and that after the dissolution of marriage on June 6, 2002, Mr. Sabecky intended to change his beneficiary designation under the Policy to the Toussaints. If it is found that Schwab is liable to the Toussaints, then Schwab alleges that it is entitled to restitution from Gonzales of the $58,090.60 in life insurance benefits and interest paid to her by LINA under the Policy. It is inequitable, and constitutes unjust enrichment, if Gonzales is allowed to keep the benefits if they were incorrectly paid to her.

**PRAYER**

WHEREFORE, Schwab prays for judgment as follows:

1. In the event that Schwab is found liable to the Toussaints pursuant to the allegations in the Complaint, for an order declaring that Gonzales must restore to Schwab the $58,090.60 in life insurance benefits and interest paid to her by LINA under the Policy.

2. In the event that Schwab is found liable to the Toussaints pursuant to the allegations in the Complaint, for an order compelling Gonzales to restore to Schwab the $58,090.60 in life insurance benefits and interest paid to her by LINA under the Policy;

3. For costs of suit incurred herein;

4. For attorney fees incurred; and

///
///
///
///
///
///

1     5.    For an order granting such other relief as is appropriate under the circumstances of this matter.

Dated: August 10, 2007

LINER YANKELEVITZ
SUNSHINE & REGENSTREIF LLP

By: _____/s/_____
        Kim Zeldin

Attorneys for Defendant
CHARLES SCHWAB & CO., INC.