SEDGWICK, DETERT, MORAN & ARNOLD LLP
REBECCA A. HULL  Bar No. 99802
CARI A. COHORN  Bar No. 249056
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, California 94105
Telephone: (415) 781-7900
Facsimile: (415) 781-2635

Attorneys for Defendant
METROPOLITAN LIFE INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL TOUSSAINT, MATTHEW TOUSSAINT, aka MATTHEW T. TOUSSAINT, and NICOLE TOUSSAINT, aka NICHOLE T. TOUSSAINT,<br><br>Plaintiff,<br><br>v.<br><br>METROPOLITAN LIFE INSURANCE COMPANY, LIFE INSURANCE COMPANY OF NORTH AMERICA AND CHARLES SCHWAB & CO., INC. AND DOES 1-25, INCLUSIVE,<br><br>Defendant.<br>AND RELATED CROSS-ACTIONS | CASE NO. C07-03467 MJJ<br><br>**DEFENDANT METROPOLITAN LIFE INSURANCE COMPANY'S ANSWER TO COMPLAINT** |

Defendant Metropolitan Life Insurance Company ("MetLife") hereby answers the Complaint filed by Daniel Toussaint, Matthew Toussaint, aka Mathew T. Toussaint, and Nicole Toussaint, aka Nichole T. Toussaint ("Plaintiffs" or "the Toussaints") as follows:

1. A response is not required to paragraphs 1 through 3 of the Complaint.

2. Responding to the allegations in paragraph 4.a of the Complaint, MetLife admits that it is a corporation.  Upon information and belief, MetLife admits that defendants Life Insurance Company of North America ("LINA") and Charles Schwab & Co., Inc. ("Schwab") are corporations.  Except as so admitted, MetLife denies the allegations contained in paragraph 4.a of

the Complaint.

3. MetLife denies the allegations in paragraphs 4.b of the Complaint.

4. MetLife denies the allegations in paragraphs 4.c of the Complaint.

5. Responding to the allegations in paragraph 7 of the Complaint, MetLife is informed and believes and therefore admits that LINA issued the group insurance policy that is the subject of this action to Schwab, and that the decedent, Peter J. Sabecky ("Mr. Sabecky"), was employed by Schwab and participated in an employee welfare benefit plan, the participants of which were provided with life insurance coverage through the insurance policy issued by LINA to Schwab. MetLife is also informed and believes and therefore admits that at certain relevant times Mr. Sabecky's home address was in Concord, California. Except as so admitted, MetLife denies the allegations in paragraph 7 of the Complaint.

6. Responding to the allegations in paragraph 8 of the Complaint, MetLife admits that Plaintiffs have attached to their Complaint documents in which they have attempted to allege claims for action for breach of contract, fraudulent concealment, and negligent and intentional misrepresentation. Except as so stated, MetLife denies the allegations in paragraph 8 of the Complaint, and denies that such attempted claims are valid.

7. Responding to paragraph 9 of the Complaint, MetLife admits that Plaintiffs seek exemplary damages. Except as so admitted, MetLife denies the allegations in paragraph 9 of the Complaint, and expressly denies that there is any basis upon which such recovery may be had in this action.

8. MetLife denies the allegations in paragraph 10 of the Complaint and specifically denies that Plaintiffs are entitled to any relief whatsoever, in any amount or amounts, on any legal theory.

9. Responding to the allegations in paragraph BC-1, First Cause of Action, of the Complaint, MetLife states that Mr. Sabecky, by virtue of his employment with Schwab, participated in an employee benefit plan ("Plan") governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), under which he was eligible for and received life and disability insurance coverage under a group insurance policy issued by LINA ("the Policy"). Upon

1  information and belief, MetLife admits that upon Mr. Sabecky's death, life insurance benefits were
2  paid under the Policy to the beneficiary designated by Mr. Sabecky on a beneficiary designation
3  form signed by Mr. Sabecky on June 18, 1989.  MetLife is informed and believes that Mr.
4  Sabecky became disabled and that his last day of work at Schwab was May 27, 1992, at which
5  time the life insurance coverage of the Plan was funded by the LINA group insurance policy.
6  Upon information and belief, MetLife admits that because Mr. Sabecky was on Waiver of
7  Premium until his death on April 4, 2005, and that as a consequence, his life insurance coverage
8  continued to be funded by the LINA policy subject to all of the terms and conditions of the Plan.
9  MetLife further states that because Mr. Sabecky's coverage under the Plan continued to be
10 funded by the LINA policy at all times following the inception of his disability, his coverage under
11 the Plan never was funded by any policy issued by MetLife, notwithstanding Mr. Sabecky's
12 mistaken attempt on or about January 9, 2003, to change his Plan beneficiary by executing a
13 MetLife form to that effect.  Except as so stated and admitted, MetLife denies the allegations in
14 paragraph BC-1 of the Complaint.

15      10.     MetLife denies the allegations in paragraph BC-2, First Cause of Action, of the
16 Complaint.

17      11.     MetLife denies the allegations in paragraph BC-3, First Cause of Action, of the
18 Complaint.

19      12.     MetLife denies the allegations in paragraph BC-4, First Cause of Action, of the
20 Complaint, and further and expressly denies that plaintiffs, or any of them, have suffered injury or
21 damage of any type or kind, in any amount or amounts, for which MetLife is or may be liable.

22      13.     MetLife denies the allegations in paragraph BC-5, First Cause of Action, of the
23 Complaint and further and expressly denies that plaintiffs, or any of them, are entitled to any relief
24 or remedy of any type or kind with regard to the matters alleged in the Complaint.

25      14.     MetLife denies the allegations in paragraph BC-6, First Cause of Action, of the
26 Complaint and further and expressly denies that plaintiffs, or any of them, are entitled to any relief
27 or remedy of any type or kind with regard to the matters alleged in the Complaint.

28      15.     MetLife denies the allegations in paragraph BC-1, Second Cause of Action, of the

1  Complaint, and further and expressly denies that plaintiffs, or any of them, have suffered injury or
2  damage of any type or kind, in any amount or amounts, for which MetLife is or may be liable.

3      16.    MetLife admits on information and belief that Mr. Sabecky died on April 4, 2005.
4  Except as so admitted, MetLife denies the allegations in paragraph BC-2, Second Cause of
5  Action, of the Complaint, and further and expressly denies that plaintiffs, or any of them, have
6  suffered injury or damage of any type or kind, in any amount or amounts, for which MetLife is or
7  may be liable.

8      17.    MetLife denies the allegations in paragraph BC-3, Second Cause of Action, of the
9  Complaint.

10      18.    MetLife denies the allegations in paragraph BC-4, Second Cause of Action, of the
11  Complaint, and further and expressly denies that plaintiffs, or any of them, have suffered injury or
12  damage of any type or kind, in any amount or amounts, for which MetLife is or may be liable.

13      19.    MetLife denies the allegations in paragraph BC-5, Second Cause of Action, of the
14  Complaint, and further and expressly denies that plaintiffs, or any of them, have suffered injury or
15  damage of any type or kind, in any amount or amounts, for which MetLife is or may be liable.

16      20.    MetLife denies the allegations in paragraph BC-6, Second Cause of Action, of the
17  Complaint, and further and expressly denies that plaintiffs, or any of them, have suffered injury or
18  damage of any type or kind, in any amount or amounts, for which MetLife is or may be liable.

19      21.    MetLife denies the allegations in paragraph BC-1, Third Cause of Action, of the
20  Complaint, and further and expressly denies that there is or was any contract of any type or kind
21  between MetLife and plaintiffs, or any of them, whether by reason of Exhibits A, A-1, A-2 and/or
22  A-3 to the Complaint, or on any other basis whatsoever, and denies that plaintiffs, or any of them,
23  have suffered injury or damage of any type or kind, in any amount or amounts, for which MetLife
24  is or may be liable.

25      22.    MetLife denies the allegations in paragraph BC-2, Third Cause of Action, of the
26  Complaint and denies that plaintiffs, or any of them, have suffered injury or damage of any type or
27  kind, in any amount or amounts, for which MetLife is or may be liable.

28      23.    MetLife denies the allegations in paragraph BC-3, Third Cause of Action, of the

Complaint.

24. MetLife denies the allegations in paragraph BC-4, Third Cause of Action, of the Complaint and denies that plaintiffs, or any of them, have suffered injury or damage of any type or kind, in any amount or amounts, for which MetLife is or may be liable.

25. MetLife denies the allegations in paragraph BC-5, Third Cause of Action, of the Complaint and denies that plaintiffs, or any of them, have suffered injury or damage of any type or kind, in any amount or amounts, for which MetLife is or may be liable.

26. MetLife denies the allegations in paragraph BC-6, Third Cause of Action, of the Complaint and denies that plaintiffs, or any of them, have suffered injury or damage of any type or kind, in any amount or amounts, for which MetLife is or may be liable.

27. MetLife denies the allegations in paragraph FR-1, Fourth Cause of Action, of the Complaint.

28. Plaintiffs did not check box FR-2 of the Fourth Cause of Action, and therefore no response is required to paragraph FR-2, Fourth Cause of Action, of the Complaint.

29. MetLife denies the allegations in paragraph FR-3, Fourth Cause of Action, of the Complaint.

30. Plaintiffs did not check box FR-4 of the Fourth Cause of Action, and therefore no response is required to paragraph FR-2, Fourth Cause of Action, of the Complaint.

31. MetLife denies the allegations in paragraph FR-5, Fourth Cause of Action, of the Complaint.

32. MetLife denies the allegations in paragraph FR-6, Fourth Cause of Action, of the Complaint and denies that plaintiffs, or any of them, have suffered injury or damage of any type or kind, in any amount or amounts, for which MetLife is or may be liable.

33. MetLife denies the allegations in paragraph FR-7, Fourth Cause of Action, of the Complaint and denies that plaintiffs, or any of them, have suffered injury or damage of any type or kind, in any amount or amounts, for which MetLife is or may be liable.

34. MetLife denies the allegations in paragraph FR-1, Fifth Cause of Action, of the Complaint.

35. MetLife denies the allegations in paragraph FR-2, Fifth Cause of Action, of the Complaint, and denies that plaintiffs, or any of them, have suffered injury or damage of any type or kind, in any amount or amounts, for which MetLife is or may be liable.

36. Plaintiffs did not check box FR-3 of the Fifth Cause of Action, and therefore no response is required to paragraph FR-3, Fifth Cause of Action, of the Complaint

37. Plaintiffs did not check box FR-4 of the Fifth Cause of Action, and therefore no response is required to paragraph FR-4, Fifth Cause of Action, of the Complaint.

38. MetLife denies the allegations in paragraph FR-5, Fifth Cause of Action, of the Complaint.

39. MetLife denies the allegations in paragraph FR-6, Fifth Cause of Action, of the Complaint, and denies that plaintiffs, or any of them, have suffered injury or damage of any type or kind, in any amount or amounts, for which MetLife is or may be liable.

40. MetLife denies the allegations in paragraph FR-7, Fifth Cause of Action, of the Complaint, and denies that plaintiffs, or any of them, have suffered injury or damage of any type or kind, in any amount or amounts, for which MetLife is or may be liable.

41. MetLife denies the allegations in paragraph FR-1, Sixth Cause of Action, of the Complaint.

42. Plaintiffs did not check box FR-2 of the Sixth Cause of Action, and therefore no response is required to paragraph FR-2, Sixth Cause of Action, of the Complaint.

43. Plaintiffs did not check box FR-3 of the Sixth Cause of Action, and therefore no response is required to paragraph FR-3, Sixth Cause of Action, of the Complaint.

44. MetLife denies the allegations in paragraph FR-4, Sixth Cause of Action, of the Complaint, and denies that plaintiffs, or any of them, have suffered injury or damage of any type or kind, in any amount or amounts, for which MetLife is or may be liable.

45. MetLife denies the allegations in paragraph FR-5, Sixth Cause of Action, of the Complaint.

46. MetLife denies the allegations in paragraph FR-6, Sixth Cause of Action, of the Complaint, and denies that plaintiffs, or any of them, have suffered injury or damage of any type

1  or kind, in any amount or amounts, for which MetLife is or may be liable.

2  47.  MetLife denies the allegations in paragraph FR-7, Sixth Cause of Action, of the Complaint, and denies that plaintiffs, or any of them, have suffered injury or damage of any type or kind, in any amount or amounts, for which MetLife is or may be liable.

48.  MetLife denies the allegations in paragraph CC-1, Seventh Cause of Action, of the Complaint, and denies that plaintiffs, or any of them, have suffered injury or damage of any type or kind, in any amount or amounts, for which MetLife is or may be liable.

49.  MetLife denies the allegations in paragraph CC-2, Seventh Cause of Action, of the Complaint, and denies that plaintiffs, or any of them, have suffered injury or damage of any type or kind, in any amount or amounts, for which MetLife is or may be liable.

50.  MetLife denies the allegations in paragraph CC-3, Seventh Cause of Action, of the Complaint, and denies that plaintiffs, or any of them, have suffered injury or damage of any type or kind, in any amount or amounts, for which MetLife is or may be liable.

51.  MetLife denies the allegations in paragraph CC-4, Seventh Cause of Action, of the Complaint, and denies that plaintiffs, or any of them, have suffered injury or damage of any type or kind, in any amount or amounts, for which MetLife is or may be liable.

52.  MetLife denies the allegations in paragraph EX-1, Exemplary Damages claim, of the Complaint, and denies that plaintiffs, or any of them, have suffered injury or damage of any type or kind, in any amount or amounts, on any legal theory, for which MetLife is or may be liable.

53.  MetLife denies the allegations in paragraph EX-2 of the Complaint. Exemplary Damages claim, of the Complaint, and denies that plaintiffs, or any of them, have suffered injury or damage of any type or kind, in any amount or amounts, on any legal theory, for which MetLife is or may be liable.

54.  Except as expressly admitted herein, MetLife denies each and every allegation in the Complaint.

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim against MetLife upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

At all times relevant, MetLife has acted in conformity with any and all obligations imposed upon it under ERISA with regard to the matters alleged in the Complaint, such that MetLife has no liability to Plaintiffs, or any of them.

### THIRD AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against MetLife on which attorney fees can be awarded.

### FOURTH AFFIRMATIVE DEFENSE

At no time was Mr. Sabecky's life insurance coverage under the Plan funded by a group policy of insurance issued by MetLife.

### FIFTH AFFIRMATIVE DEFENSE

Each action of MetLife with respect to the matters alleged in the Complaint, if any such action was taken, was at all times done in good faith and for proper reasons, and was not arbitrary or capricious but was reasonable in light of the facts as determined by and/or as understood by MetLife.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and each of them, are barred by the doctrines of laches, estoppel, waiver, acquiescence, and/or ratification.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the applicable statutes of limitation.

### EIGHTH AFFIRMATIVE DEFENSE

Any alleged injury or damage suffered by Plaintiffs, or any of them, the existence of which is denied, was in no way caused by, or a result of, any fault, act or omission by MetLife, but was caused by circumstances, persons or entities for which MetLife was not and is not responsible, and for which MetLife cannot be held liable.

### NINTH AFFIRMATIVE DEFENSE

In the event that Plaintiffs have otherwise stated any claim or cause of action, which is specifically denied, MetLife avers that Plaintiffs proximately caused, or alternatively, contributed

to or failed to mitigate, any and all losses or damages claimed by them, the existence of which is denied.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to join necessary or indispensable parties.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs, and each of them, failed to exhaust available administrative remedies under ERISA, and therefore this action must be dismissed.

### TWELFTH AFFIRMATIVE DEFENSE

All of the actions of MetLife with regard to any matter as alleged in the Complaint, if any, were permitted and/or were required by the applicable law and/or by the terms of the Plan.

### THIRTEENTH AFFIRMATIVE DEFENSE

None of the claims being pursued in the Complaint against MetLife is payable under the terms of the Plan.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs and Mr. Sabecky, and each of them, failed to comply with each and all of the terms and conditions of the Plan, and for that reason the claims attempted to be stated in the Complaint are not payable.

### FIFTEENTH AFFIRMATIVE DEFENSE

All of plaintiffs' claims are governed exclusively by ERISA, and all remedies to which they may be entitled, if any, which Defendants deny, are limited to those provided under ERISA. Plaintiffs' attempted state law claims, and each of them, fail as a matter of law.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to set out their claims with sufficient particularity to permit MetLife to raise all appropriate defenses, and MetLife therefore reserves the right to add further defenses as the bases for plaintiff's purported claims become known, pursuant to the provisions of Rule 8 of the Federal Rules of Civil Procedure.

WHEREFORE, MetLife prays for relief as follows:

1. That Plaintiffs take nothing by way of their Complaint;

1      2.    That judgment be entered in favor of MetLife and against Plaintiffs;

2      3.    That MetLife be awarded its attorneys' fees and costs of suit incurred in this action

3  under 29 U.S.C. § 1132; and

4      4.    For such other and further relief as the Court deems just and proper.

6  DATED: September 19, 2007    SEDGWICK, DETERT, MORAN & ARNOLD LLP

By: /s/ Cari A. Cohorn
    Rebecca A. Hull
    Cari A. Cohorn
    Attorneys for Defendant
    METROPOLITAN LIFE INSURANCE COMPANY