1  Sean P. Nalty, Esq. (State Bar No. 121253)
   WILSON, ELSER, MOSKOWITZ,
2  EDELMAN & DICKER LLP
   525 Market Street, 17th Floor
3  San Francisco, California 94105-2725
   Telephone:   (415) 433-0990
4  Facsimile:   (415) 434-1370

5  Attorneys for Defendants
   LIFE INSURANCE COMPANY OF AMERICA
6

7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10

11 | DANIEL TOUSSAINT, MATTHEW            ) Case No. C 07 3467 JL
   | TOUSSAINT, aka MATTHEW T.            )
12 | TOUSSAINT, and NICOLE TOUSSAINT, aka ) **LIFE INSURANCE COMPANY OF**
   | NICHOLE T. TOUSSAINT,                ) **NORTH AMERICA'S NOTICE OF**
13 |                                      ) **REMOVAL OF ACTION TO FEDERAL**
   |         Plaintiffs,                  ) **COURT**
14 |                                      )
   |    v.                                )
15 |                                      ) Complaint filed:   May 18, 2007
   | METROPOLITAN LIFE INSURANCE          )
16 | COMPANY, LIFE INSURANCE COMPANY      )
   | OF NORTH AMERICA, and CHARLES        )
17 | SCHWAB & CO., INC., and DOES 1-25,   )
   | inclusive,                           )
18 |                                      )
   |         Defendants.                  )
19 |_____)

20

21

22

23

24

25

26

27

28

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

Please take notice that, pursuant to 28 U.S.C. sections 1331, 1441(b), and 1446, Defendant Life Insurance Company of North America ("LINA") hereby removes to the United States District Court for the Northern District of California the state court action described below on the grounds that the action arises under the Employee Retirement Income Security Act of 1974, 29 USC § 1001 et seq. ("ERISA") and therefore is removable to this Court under 28 U.S.C. section 1441(b). The facts set forth below, that establish that this matter is governed by ERISA and that it is properly removed to this Court, were true at the time the complaint in this matter was filed and they remain true as of the date of filing of this Notice of Removal.

Defendant Charles Schwab Inc. ("Schwab"), having been served in this matter on June 21, 2007, joins in the removal of this action from Contra Costa County Superior Court to the United States District Court for the Northern District of California. Schwab's joinder is attached hereto as Exhibit F. Although defendant MetLife consents to this removal, MetLife has not joined in the removal as MetLife has not yet been served with the complaint in this action. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 fn. 1 (9th Cir. 1988)( "This general rule (all defendants in a state action must join in the petition for removal) applies, however, only to defendants properly joined and served in the action."); *Salveson v. Western States Bankcard Asso.*, 731 F.2d 1423, 1429-1430 (9th Cir. 1984).

1. On May 18, 2006, plaintiffs Daniel Toussaint, Matthew Toussaint, and Nicole Toussaint ("plaintiffs") filed a complaint in the Superior Court of the State of California, County of Contra Costa, entitled *Daniel Toussaint, Matthew Toussaint, aka Matthew I. Toussaint, and Nicole Toussaint, aka Nicole T. Toussain v. Metropolitan Life Insurance Company, Life Insurance Company of North America, and Charles Schwab & Co. Inc.*, C07 01052 ("The Complaint"). A true, correct and complete copy of the Complaint in this matter is attached hereto as Exhibit A and incorporated herein by reference. A true, correct, and complete copy of the summons in this matter, and other papers also included in this matter, are attached hereto as Exhibit B. LINA is informed and believes, and thereon alleges, that there have been no further pleadings, process, or orders filed in this action other than what is attached hereto as Exhibits A and B.

LINA'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT
287345.1

2. The Complaint was received by LINA on June 14, 2007. Defendant MetLife has not been served in the action. Defendant Schwab was served with the Complaint on June 21, 2007. LINA has filed this notice of removal within 30 days of service on any defendant of plaintiffs' state court complaint.

3. This Court has jurisdiction under 28 U.S.C. section 1441(b) for matters arising under ERISA. ERISA completely preempts all of plaintiffs' state law claims. Plaintiffs' claims are, in fact, claims arising under federal law and thus are removable to federal court. *Metropolitan Life Ins. Co. v. Taylor*, 481 US 58, 66, 107 S.Ct. 1542, 1547 (1987). This complete preemption operates to confer original federal subject matter jurisdiction notwithstanding the absence of a federal cause of action on the face of the complaint. *In re U.S. Healthcare, Inc.*, 193 F.3d 151, 160 (3rd. Cir. 1999). Based on the facts set forth below, which were true at the time the Complaint was filed and remain true as of the date of filing of this Notice of Removal, this action is governed by ERISA and therefore properly removed to this Court.

4. Plaintiff alleges that this matter involves a life insurance policy issued by LINA that provided life insurance coverage to Peter J. Sabecky ("Mr. Sabecky") though his employer Schwab. Ex. A, page 4, par. BC-1. Plaintiffs claim that there is a dispute over the payment of life insurance benefits upon the death of Mr. Sabecky. *Id.* at page 4, BC-2-CC-5. The group insurance policy ("the Policy"), under which this dispute arises, was issued by LINA to the Charles Schwab & Co. Inc. Ex. A, page 4, par. BC-1; Ex. C attached hereto, which is a copy of the Policy that is the subject of this matter, pages C-1 & C-2. Exhibit C is fully incorporated into this notice as if it were fully set fort below. The Policy provided group life insurance coverage to the Charles Schwab & Co. employee benefit plan. Ex. C, pages C-1 & C-2 & C-14-C-17. The eligible employees are defined as all active full-time regular employees of the Policyholder Schwab, working 20 or more hours per week. *Id.* at C-1 & C-2 & C-15.

5. Moreover, as alleged in the Complaint, Mr. Sabecky qualified for coverage under the Policy by virtue of his employment at Schwab. Ex. A, page 4, par. BC-1. As demonstrated by Mr. Sabecky's enrollment form that is attached hereto as Exhibit E, the group life insurance coverage that is the subject of the Complaint was part of the benefits provided to Mr. Sabecky by

virtue of his employment at Schwab.

6. Finally, the claim for benefits that is the subject of this matter was adjudicated under ERISA. Counsel for plaintiffs was advised that the Policy that is the subject of this matter is governed by ERISA. Ex. D, p. D-3. In addition, he was advised of the rights to appeal and the time frames that govern an ERISA claim. *Id.* at D-2 & D-4.

7. All of these facts stated in this petition, particularly in the Complaint, in paragraphs 4 through 6 above, and Exhibits C through E, establish that this matter is governed the Employee Retirement Income Security Act of 1974, 29 USC § 1001 et seq. and therefore is removable to this Court under 28 U.S.C. section 1441(b).

Dated: July 2, 2007

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By: /s/ Sean P. Nalty
SEAN P. NALTY
Attorneys for Defendant
LIFE INSURANCE COMPANY OF NORTH AMERICA