EXHIBIT A

2007-Jun-15 04.42 PM CIGNA (215) 761-3813

PLD-C-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number and address)*: | FOR COURT USE ONLY |
|---|---|
| JAMES R. MORGAN    (State Bar # 077499) | |

LAW OFFICE OF JAMES R. MORGAN
1511 Treat Boulevard, Suite 600, Walnut Creek, CA 94598-1097
TELEPHONE NO: (925) 947-0200    FAX NO. *(Optional):* (925) 934-6092
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(name):* Daniel Toussaint, Matthew Toussaint, and Nicole Toussaint

**FILED**

2007 MAY 18 P 3: 17

K. TORRE, CLERK OF THE SUPERIOR COURT
COUNTY OF CONTRA COSTA, CALIF.
BY:

SUPERIOR COURT OF CALIFORNIA, COUNTY OF CONTRA COSTA
STREET ADDRESS: 725 Court Street
MAILING ADDRESS: P.O. Box 911
CITY AND ZIP CODE: Martinez, CA 94553
BRANCH NAME: Unlimited Civil Jurisdiction

PLAINTIFF: Daniel Toussaint, Matthew Toussaint, aka Mathew T. Toussaint, and Nicole Toussaint, aka Nichole T. Toussaint
DEFENDANT: Metropolitan Life Insurance Compnay, Life Insurance Company of North America, and Charles Schwab & Co., Inc.
[X] DOES 1 TO ___25___

PER LOCAL RULE 5 THIS CASE IS ASSIGNED TO DEPT ___

**CONTRACT**

| [X] COMPLAINT | [ ] AMENDED COMPLAINT *(Number):* |
|---|---|
| [ ] CROSS-COMPLAINT | [ ] AMENDED CROSS-COMPLAINT *(Number):* |

CASE NUMBER:

**C07    01052**

**Jurisdiction** *(check all that apply):*
[ ] ACTION IS A LIMITED CIVIL CASE
   Amount demanded [ ] does not exceed $10,000
       [ ] exceeds $10,000 but does not exceed $25,000
[X] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)
[ ] ACTION IS RECLASSIFIED by this amended complaint or cross-complaint
   [ ] from limited to unlimited
   [ ] from unlimited to limited

1. Plaintiff *(name or names):* Daniel Toussaint, Matthew Toussaint, aka Mathew T. Toussaint, and Nicole Toussaint, aka Nichole T. Toussaint

   alleges causes of action against defendant *(name or names):* Metropolitan Life Insurance Compnay, Life Insurance Company of North America, and Charles Schwab & Co., Inc.

2. This pleading, including attachments and exhibits, consists of the following number of pages: 22

3. a. Each plaintiff named above is a competent adult
    [ ] except plaintiff *(name):*
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity *(describe):*
      (3) [ ] other *(specify):*

  b. [ ] Plaintiff *(name):*
    a. [ ] has complied with the fictitious business name laws and is doing business under the fictitious name *(specify):*

    b. [ ] has complied with all licensing requirements as a licensed *(specify):*
  c. [ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3c.

4. a. Each defendant named above is a natural person
    [X] except defendant *(name):* Metropolitan Life Ins. Co.  [X] except defendant *(name):* Life Insurance Co. of N.America
    (1) [ ] a business organization, form unknown    (1) [ ] a business organization, form unknown
    (2) [X] a corporation    (2) [X] a corporation
    (3) [ ] an unincorporated entity *(describe):*    (3) [ ] an unincorporated entity *(describe):*

    (4) [ ] a public entity *(describe):*    (4) [ ] a public entity *(describe):*

    (5) [ ] other *(specify):*    (5) [ ] other *(specify):*

* If this form is used as a cross-complaint, plaintiff means cross-complainant and defendant means cross-defendant.    Page 1 of 2

Form Approved for Optional Use
Judicial Council of California
PLD-C-001 [Rev. January 1, 2007]    **COMPLAINT—Contract**    Code of Civil Procedure, § 425.12

LexisNexis® Automated California Judicial Council Forms

2007-Jun-15 04:42 PM CIGNA (215) 761-3813

| SHORT TITLE: | CASE NUMBER: | PLD-C-001 |
| --- | --- | --- |
| Toussaint, et al. vs. Metropolitan Life Insurance Co., et al. | | |

4. *(Continued)*

   b. The true names of defendants sued as Does are unknown to plaintiff.
      (1) [X] Doe defendants *(specify Doe numbers)*: 1 - 15 _____ were the agents or employees of the named defendants and acted within the scope of that agency or employment.
      (2) [X] Doe defendants *(specify Doe numbers)*: 16 - 25 _____ are persons whose capacities are unknown to plaintiff.

   c. [X] Information about additional defendants who are not natural persons is contained in Attachment 4c.

   d. [ ] Defendants who are joined under Code of Civil Procedure section 382 are *(names)*:

5. [ ] Plaintiff is required to comply with a claims statute, and
   a. [ ] has complied with applicable claims statutes, or
   b. [ ] is excused from complying because *(specify)*:

6. [ ] This action is subject to    [ ] Civil Code section 1812.10    [ ] Civil Code section 2984.4.

7. This court is the proper court because
   a. [X] a defendant entered into the contract here.
   b. [ ] a defendant lived here when the contract was entered into.
   c. [ ] a defendant lives here now.
   d. [X] the contract was to be performed here.
   e. [ ] a defendant is a corporation or unincorporated association and its principal place of business is here.
   f. [ ] real property that is the subject of this action is located here.
   g. [X] other *(specify)*: decedent, Peter J. Sabecky, domiciled here

8. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached)*:

   [X] Breach of Contract

   [X] Common Counts

   [X] Other *(specify)*: Fraudulent Concealment, Promissory Estoppel, Negligent Misrepresentation, Fraud

9. [X] Other allegations: Exemplary Damage and Bad Faith

10. Plaintiff prays for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
    a. [X] damages of: $ 58,000.00
    b. [X] interest on the damages
       (1) [X] according to proof
       (2) [X] at the rate of *(specify)*: 10 percent per year from *(date)*: 4/5/2005
    c. [X] attorney's fees
       (1) [ ] of: $
       (2) [X] according to proof.
    d. [X] other *(specify)*: Exemplary damages, according to proof

11. [ ] The paragraphs of this pleading alleged on information and belief are as follows *(specify paragraph numbers)*:

Date: May 18, 2007

JAMES R. MORGAN
_____
(TYPE OR PRINT NAME)                    ▶    _____
                                              (SIGNATURE OF PLAINTIFF OR ATTORNEY)

*(If you wish to verify this pleading, affix a verification.)*

PLD-C-001 [Rev. January 1, 2007]          COMPLAINT—Contract                    Page 2 of 2

*LexisNexis® Automated California Judicial Council Forms*

2007 Jun 19 04:42 PM CIGNA (215) 761-5813

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Toussaint, et al. vs. Metropolitan Life Insurance Co., et al. | |

COMPLAINT—Attachment 4c                                    Page ___3___

Each defendant named above is a natural person

[X] Except defendant (name):

    Charles Schwab & Co., Inc.
- [ ] a business organization, form unknown
- [X] a corporation
- [ ] an unincorporated entity (describe):

- [ ] a public entity (describe):

- [ ] other (specify):

[ ] Except defendant (name):
- [ ] a business organization, form unknown
- [ ] a corporation
- [ ] an unincorporated entity (describe):

- [ ] a public entity (describe):

- [ ] other (specify):

[ ] Except defendant (name):
- [ ] a business organization, form unknown
- [ ] a corporation
- [ ] an unincorporated entity (describe):

- [ ] a public entity (describe):

- [ ] other (specify):

[ ] Except defendant (name):
- [ ] a business organization, form unknown
- [ ] a corporation
- [ ] an unincorporated entity (describe):

- [ ] a public entity (describe):

- [ ] other (specify):

[ ] Except defendant (name):
- [ ] a business organization, form unknown
- [ ] a corporation
- [ ] an unincorporated entity (describe):

- [ ] a public entity (describe):

- [ ] other (specify):

[ ] Except defendant (name):
- [ ] a business organization, form unknown
- [ ] a corporation
- [ ] an unincorporated entity (describe):

- [ ] a public entity (describe):

- [ ] other (specify):

[ ] Except defendant (name):
- [ ] a business organization, form unknown
- [ ] a corporation
- [ ] an unincorporated entity (describe):

- [ ] a public entity (describe):

- [ ] other (specify):

[ ] Except defendant (name):
- [ ] a business organization, form unknown
- [ ] a corporation
- [X] an unincorporated entity (describe):

- [ ] a public entity (describe):

- [ ] other (specify):

If this form is used as a cross-complaint, plaintiff means cross-complainant and defendant means cross-defendant.

COMPLAINT—Attachment 4c                                    CCP 425.12

*LexisNexis® Automated California Judicial Council Forms*

2007 Jun 19 04.42 PM CIGNA (215) 761-5615                                    21/40

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Toussaint, et al. vs. Metropolitan Life Insurance Co., et al. | |

COMPLAINT—Attachment 4c.                                    Page ___3___

Each defendant named above is a natural person

[X] Except defendant (name):

   Charles Schwab & Co., Inc.
[ ] a business organization, form unknown
[X] a corporation
[ ] an unincorporated entity (describe):

[ ] a public entity (describe):

[ ] other (specify):

[ ] Except defendant (name):

[ ] a business organization, form unknown
[ ] a corporation
[ ] an unincorporated entity (describe):

[ ] a public entity (describe):

[ ] other (specify):

[ ] Except defendant (name):

[ ] a business organization, form unknown
[ ] a corporation
[ ] an unincorporated entity (describe):

[ ] a public entity (describe):

[ ] other (specify):

[ ] Except defendant (name):

[ ] a business organization, form unknown
[ ] a corporation
[ ] an unincorporated entity (describe):

[ ] a public entity (describe):

[ ] other (specify):

[ ] Except defendant (name):

[ ] a business organization, form unknown
[ ] a corporation
[ ] an unincorporated entity (describe):

[ ] a public entity (describe):

[ ] other (specify):

[ ] Except defendant (name):

[ ] a business organization, form unknown
[ ] a corporation
[ ] an unincorporated entity (describe):

[ ] a public entity (describe):

[ ] other (specify):

[ ] Except defendant (name):

[ ] a business organization, form unknown
[ ] a corporation
[ ] an unincorporated entity (describe):

[ ] a public entity (describe):

[ ] other (specify):

[ ] Except defendant (name):

[ ] a business organization, form unknown
[ ] a corporation
[ ] an unincorporated entity (describe):

[ ] a public entity (describe):

[ ] other (specify):

If this form is used as a cross-complaint, plaintiff means cross-complainant and defendant means cross-defendant.

COMPLAINT—Attachment 4c                                    CCP 425.12

LexisNexis® Automated California Judicial Council Forms

2007-Jun-15 04:45 PM CIGNA (215) 761-5813

| SHORT TITLE: | CASE NUMBER: | PLD-C-001(1) |
| --- | --- | --- |
| Toussaint, et al. vs. Metropolitan Life Insurance Co., et al. | | |

__FIRST__     CAUSE OF ACTION—Breach of Contract
_(number)_

ATTACHMENT TO [X] Complaint    [ ] Cross - Complaint

_(Use a separate cause of action form for each cause of action.)_

BC-1. Plaintiff _(name):_ Daniel Toussaint; Matthew Toussaint, aka Mathew T. Toussaint; and Nicole Toussaint, aka Nichole T. Toussaint

alleges that on or about _(date):_ January 18, 2003
a [X] written    [ ] oral    [ ] other _(specify):_
agreement was made between _(name parties to agreement):_ Peter J. Sabecky (now deceased) and
Metropolitan Life, Life Insurance Co. of N. America and Charles Schwab & Co., Inc.

    [ ] A copy of the agreement is attached as Exhibit A, or
    [X] The essential terms of the agreement    [ ] are stated in Attachment BC-1 [X] are as follows _(specify):_
That PETER J. SABECKY, an employee of Defendant Charles Schwab & Company, Inc.,
following his dissolution of marriage on 6/6/2002 in Case No. D00-04592 in the above-captioned
court, stated, in writing on 1/8/2003, his intent to change the beneficiaries of his life insurance
policy through Defendants Metropolitan Life Insurance Company (Met Life) and Life Insurance
Company of North America (Cigna) to the Plaintiffs, Daniel Toussaint, Matthew Toussaint, a.k.a.
Mathew Toussaint, and Nicole Toussaint, a.k.a. Nichole Toussaint (Exhibit "B").

BC-2. On or about _(dates):_ April 4, 2005
defendant breached the agreement by    [ ] the acts specified in Attachment BC-2 [X] the following acts
_(specify):_ By failing and refusing to pay said life insurance proceeds, or any portion thereof, to
the Plaintiffs, and each of them; by paying the proceeds, instead, to the former spouse of the
Decedent, PETER J. SABECKY, from whom he was divorced at the time of his passing and by
not complying with the written representations received by the Plaintiffs from the Defendants
and/or the authorized agents thereof acknowledging Plaintiffs were the beneficiaries of record.

BC-3. Plaintiff has performed all obligations to defendant except those obligations plaintiff was prevented or
excused from performing.

BC-4. Plaintiff suffered damages legally (proximately) caused by defendant's breach of the agreement
    [ ] as stated in Attachment BC-4 [X] as follows _(specify):_
Daniel Toussaint in the amount of $23,200.00
Matthew Toussaint, a.k.a. Mathew Toussaint, in the amount of $17,400.00
Nicole Toussaint, a.k.a. Nichole Toussaint, in the amount of $17,400.00

BC-5. [X] Plaintiff is entitled to attorney fees by an agreement or a statute
    [ ] of $
    [X] according to proof.

BC-6. [X] Other:
Plaintiffs are each entitled to interest on said sums due at the legal rate of ten percent
(10%) per annum, or other amount according to proof, from on or about April 5, 2005
until date of payment.

Page    4

Form Approved for Optional Use
Judicial Council of California
PLD-C-001(1) [Rev. January 1, 2007]

CAUSE OF ACTION—Breach of Contract

Page 1 of 1

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

LexisNexis® Automated California Judicial Council Forms

2007-Jun-19 04:45 PM CIGNA (215) 761-3813                                                                 23/40

| SHORT TITLE: | | CASE NUMBER: | PLD-C-001(1) |
|---|---|---|---|
| Toussaint, et al. vs. Metropolitan Life Insurance Co., et al. | | | |

SECOND _____    CAUSE OF ACTION—Breach of Contract
(number)

ATTACHMENT TO    [X] Complaint    [ ] Cross - Complaint
*(Use a separate cause of action form for each cause of action.)*

BC-1. Plaintiff *(name)*: Daniel Toussaint; Mathew Toussaint, aka Mathew T. Toussaint; and Nicole Toussaint, aka Nichole T. Toussaint

alleges that on or about *(date)*: 5/18/2005
a [X] written   [ ] oral   [ ] other *(specify)*:
agreement was made between *(name parties to agreement)*: Metropolitan Life, Life Insurance Company of North America and Charles Schwab & Co., Inc.
[ ] A copy of the agreement is attached as Exhibit A, or
[X] The essential terms of the agreement   [ ] are stated in Attachment BC-1   [X] are as follows *(specify)*:
That said Plaintiffs, and each of them, were a "beneficiary designated to receive proceeds of the group term life insurance policy that was in effect for PETER J. SABECKY. Therefore, the death benefits will be paid to you" (the Plaintiffs, and each of them).

BC-2. On or about *(dates)*: 6/30/2005
defendant breached the agreement by   [ ] the acts specified in Attachment BC-2   [X] the following acts *(specify)*: By refusing to pay the Plaintiffs, and each of them, said life insurance proceeds, or any portion thereof, and by further refusing to provide the "delivering the promise" (dtp) services represented to assist Plaintiffs as the named beneficiaries according to the files of Defendants at the time PETER J. SABECKY passed away on April 4, 2005, as an unmarried man.

BC-3. Plaintiff has performed all obligations to defendant except those obligations plaintiff was prevented or excused from performing.

BC-4. Plaintiff suffered damages legally (proximately) caused by defendant's breach of the agreement
[ ] as stated in Attachment BC-4   [X] as follows *(specify)*:
Daniel Toussaint in the amount of $23,200.00
Matthew Toussaint, a.k.a. Mathew Toussaint, in the amount of $17,400.00
Nicole Toussaint, a.k.a. Nichole Toussaint, in the amount of $17,400.00

BC-5. [X]   Plaintiff is entitled to attorney fees by an agreement or a statute
[ ] of $
[X] according to proof.

BC-6. [X]   Other:
Plaintiffs are each entitled to interest on said sums due at the legal rate of ten percent (10%) per annum, or other amount according to proof, from on or about April 5, 2005 until date of payment.

Page _____5_____

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-C-001(1) [Rev. January 1, 2007]

CAUSE OF ACTION—Breach of Contract

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

LexisNexis® Automated California Judicial Council Forms

| SHORT TITLE: | | PLD-C-001(1) |
| --- | --- | --- |
| Toussaint, et al. vs. Metropolitan Life Insurance Co., et al. | CASE NUMBER: | |

<u>THIRD</u>        CAUSE OF ACTION—Breach of Contract
(number)

ATTACHMENT TO  [X] Complaint    [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

BC-1. Plaintiff *(name)*: Daniel Toussaint; Matthew Toussaint, aka Mathew T. Toussaint; and Nicole Toussaint, aka Nichole T. Toussaint

   alleges that on or about *(date)*: 5/18/2005
   a  [ ] written  [ ] oral  [X] other *(specify)*: Promise, representation & assurance
   agreement was made between *(name parties to agreement)*: Metropolitan Life, Life Insurance Company
   of North America and Charles Schwab & Co., Inc.
   [X] A copy of the agreement is attached as Exhibit A, or A-1, A-2, & A-3
   [ ] The essential terms of the agreement  [ ] are stated in Attachment BC-1  [ ] are as follows *(specify)*:

BC-2. On or about *(dates)*: 6/30/2005
   defendant breached the agreement by  [ ] the acts specified in Attachment BC-2  [X] the following acts
   *(specify)*: The Defendants, and each of them, knew or should have known that Plaintiffs would
   reasonably rely on the promises, representations and assurances received in the above-referenced
   exhibits. Plaintiffs each incurred expenses and made purchases in reliance upon receipt of the
   represented amounts and further refrained from making additional inquiry as to the status of the life
   insurance proceeds based upon said promises, representations and assurances. Promissory estoppel
   precludes Defendants from denying Plaintiffs payment, as promised.

BC-3. Plaintiff has performed all obligations to defendant except those obligations plaintiff was prevented or
   excused from performing.

BC-4. Plaintiff suffered damages legally (proximately) caused by defendant's breach of the agreement
   [ ] as stated in Attachment BC-4  [X] as follows *(specify)*:
   Daniel Toussaint in the amount of $23,200.00
   Matthew Toussaint, a.k.a. Mathew Toussaint, in the amount of $17,400.00
   Nicole Toussaint, a.k.a. Nichole Toussaint, in the amount of $17,400.00

BC-5. [X] Plaintiff is entitled to attorney fees by an agreement or a statute.
   [ ] of $
   [X] according to proof.

BC-6. [X] Other:
   Plaintiffs are each entitled to interest on said sums due at the legal rate of ten percent
   (10%) per annum, or other amount according to proof, from on or about April 5, 2005
   until date of payment.

Page _____ 6

Form Approved for Optional Use
Judicial Council of California
PLD-C-001(1) [Rev. January 1, 2007]

CAUSE OF ACTION—Breach of Contract

Page 1 of 1

Code of Civil Procedure, § 428.12
www.courtinfo.ca.gov

LexisNexis® Automated California Judicial Council Forms

2007-Jun-15 04:45 PM CIGNA (215) 761-5815                                    25/40

| SHORT TITLE: | | CASE NUMBER: | PLD-C-001(3) |
|---|---|---|---|
| | Toussaint, et al. vs. Metropolitan Life Insurance Co., et al. | | |

___FOURTH___       CAUSE OF ACTION—Fraud
(number)

ATTACHMENT TO  [X] Complaint  [ ] Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

FR-1. Plaintiff *(name):* Daniel Toussaint; , aka Mathew T. Toussaint; and Nicole Toussaint, aka Nichole T. Toussaint

alleges that defendant *(name):* METROPOLITAN LIFE INSURANCE COMPANY; LIFE INSURANCE
COMPANY OF NORTH AMERICA; and CHARLES SCHWAB & CO., INC.

on or about *(date):*     June 30, 2006     defrauded plaintiff as follows:

FR-2. [ ]   Intentional or Negligent Misrepresentation
     a. Defendant made representations of material fact    [ ] as stated in Attachment FR-2.a    [ ] as follows:

     b. These representations were in fact false. The truth was   [ ] as stated in Attachment FR-2.b    [ ] as follows:

     c. When defendant made the representations,
       [ ]   defendant knew they were false, or
       [ ]   defendant had no reasonable ground for believing the representations were true.

     d. Defendant made the representations with the intent to defraud and induce plaintiff to act as described
       in item FIR-5. At the time plaintiff acted, plaintiff did not know the representations were false and believed
       they were true. Plaintiff acted in justifiable reliance upon the truth of the representations.

FR-3. [X] Concealment
     a. Defendant concealed or suppressed material facts    [ ] as stated in Attachment FR-3.a    [X] as follows:
       Defendants concealed from the Decedent, PETER J. SABECKY, that his expressed intention to make the
       Plaintiffs herein the beneficiaries of his life insurance policy was noted in their "records" but was not otherwise
       properly documented to effectuate the requested change in beneficiaries to the Plaintiffs, and each of them.
     b. Defendant concealed or suppressed material facts
       [X]   defendant was bound to disclose.
       [X]   by telling plaintiff other facts to mislead plaintiff and prevent plaintiff from discovering the concealed
         or suppressed facts.
     c. Defendant concealed or suppressed these facts with the intent to defraud and induce plaintiff to act
       as described in item FR-5. At the time plaintiff acted, plaintiff was unaware of the concealed or suppressed
       facts and would not have taken the action if plaintiff had known the facts.

                                                           Page    7

Form Approved for Optional Use
Judicial Council of California
PLD-C-001(3) [Rev. January 1, 2007]           CAUSE OF ACTION—Fraud           Page 1 of 2
Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

*LexisNexis® Automated California Judicial Council Forms*

2007 Jun-19 04:44 PM CIGNA (215) 761-3813

| SHORT TITLE: | | PLD-C-001(3) |
|---|---|---|
| Toussaint, et al. vs. Metropolitan Life Insurance Co., et al. | CASE NUMBER: | |

__FOURTH__       CAUSE OF ACTION—Fraud
(number)

FR-4. ☐ Promise Without Intent to Perform
    a. Defendant made a promise about a material matter without any intention of performing it ☐ as stated
    in Attachment FR-4.a ☐ as follows:

b. Defendant's promise without any intention of performance was made with the intent to defraud and induce
plaintiff to rely upon it and to act as described in item FR-5. At the time plaintiff acted, plaintiff was unaware of
defendant's intention not to perform the promise. Plaintiff acted in justifiable reliance upon the promise.

FR-5. In justifiable reliance upon defendant's conduct, plaintiff was induced to act ☐ as stated in Attachment FR-5
☒ as follows:
Plaintiffs were unaware that the requested change in beneficiary entitling them to the represented life
insurance proceeds had not been finalized and, therefore, could not assist PETER J. SABECKY, the
Decedent, in affecting the desired change in beneficiaries due to the concealment by the Defendants,
and each of them.

FR-6. Because of plaintiff's reliance upon defendant's conduct, plaintiff has been damaged ☐ as stated in
Attachment FR-6 ☒ as follows:
Daniel Toussaint in the amount of $23,200.00
Matthew Toussaint, a.k.a. Mathew Toussaint, in the amount of $17,400.00
Nicole Toussaint, a.k.a. Nichole Toussaint, in the amount of $17,400.00

FIR-7. Other:
The withholding of the life insurance proceeds from the Plaintiffs, and each of them, is despicable and
is an act of intentional bad faith, in contravention to Exhibits "A1", "A2", "A3" and "B" hereof, and
warrants an award of punitive damages according to proof. Plaintiffs are entitled to interest at the
legal rate of ten percent (10%) per annum or other amount, according to proof, on the unpaid life
insurance proceeds from April 4, 2005 through the date of payment.

---

PLD-C-001(3) [Rev. January 1, 2007]      CAUSE OF ACTION—Fraud      Page    8

Page 2 of 2

*LexisNexis® Automated California Judicial Council Forms*

2007-Jun-15 04:44 PM CIGNA (215) 761-3813    27/40

| SHORT TITLE: | | PLD-C-001(3) |
|---|---|---|
| Toussaint, et al. vs. Metropolitan Life Insurance Co., et al. | CASE NUMBER: | |

<u>____FIFTH____</u>　　　　CAUSE OF ACTION—Fraud
(number)

ATTACHMENT TO ☒ Complaint ☐ Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

FR-1. Plaintiff *(name):* Daniel Toussaint; Matthew Toussaint, aka Mathew T. Toussaint; and Nicole Toussaint, aka Nichole
T. Toussaint.
alleges that defendant *(name):* METROPOLITAN LIFE INSURANCE COMPANY; LIFE INSURANCE
　　　　　　　　COMPANY OF NORTH AMERICA; and CHARLES SCHWAB & CO., INC.
on or about *(date):*　5/18/2005　　defrauded plaintiff as follows:

FR-2. ☒ Intentional or Negligent Misrepresentation

a. Defendant made representations of material fact ☐ as stated in Attachment FR-2.a ☒ as follows:
That the records of the Defendants, and each of them, indicate that the Plaintiffs were each "a
beneficiary designated to receive proceeds of the group term life insurance policy that was in
effect for the life of PETER J. SABECKY." It is further represented that Plaintiff Daniel
Toussaint could anticipate a claim in the amount of $23,200.00, that Plaintiff Matthew
Toussaint, a.k.a. Mathew Toussaint, could anticipate a claim in the amount of $17,400.00 and
that Plaintiff Nicole Toussaint, a.k.a. Nichole Toussaint, could anticipate a claim in the amount
of $17,400.00.

b. These representations were in fact false. The truth was ☐ as stated in Attachment FR-2.b ☒ as follows:
Even though the "records" of the Defendants clearly showed the Plaintiffs to be the beneficiaries of the
group term life insurance policy in effect for PETER J. SABECKY, and even though PETER J.
SABECKY made it clear, in writing, that he intended the Plaintiffs to be his group term life insurance
beneficiaries at all times after January 8, 2003 (Exhibit "B"), the Defendants paid group term life
insurance proceeds to the former spouse of the Decedent, PETER J. SABECKY, from whom he was
divorced at all times subsequent to June 6, 2002, who was expressly removed as a beneficiary by the
Decedent, PETER J. SABECKY.

c. When defendant made the representations,
☐ defendant knew they were false, or
☒ defendant had no reasonable ground for believing the representations were true.

d. Defendant made the representations with the intent to defraud and induce plaintiff to act as described
in item FR-5. At the time plaintiff acted, plaintiff did not know the representations were false and believed
they were true. Plaintiff acted in justifiable reliance upon the truth of the representations.

FR-3. ☐ Concealment

a. Defendant concealed or suppressed material facts ☐ as stated in Attachment FR-3.a ☒ as follows:

b. Defendant concealed or suppressed material facts
☐ defendant was bound to disclose.
☐ by telling plaintiff other facts to mislead plaintiff and prevent plaintiff from discovering the concealed
or suppressed facts.

c. Defendant concealed or suppressed these facts with the intent to defraud and induce plaintiff to act
as described in item FR-5. At the time plaintiff acted, plaintiff was unaware of the concealed or suppressed
facts and would not have taken the action if plaintiff had known the facts.

Page ___9___

Form Approved for Optional Use
Judicial Council of California
PLD-C-001(3) [Rev. January 1, 2007]

CAUSE OF ACTION—Fraud

Page 1 of 2
Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

LexisNexis® Automated California Judicial Council Forms

| | PLD-C-001(3) |
|---|---|
| SHORT TITLE: Toussaint, et al. vs. Metropolitan Life Insurance Co., et al. | CASE NUMBER: |

_____FIFTH_____                    CAUSE OF ACTION—Fraud
        (number)

FR-4.  ☐  Promise Without Intent to Perform
        a.  Defendant made a promise about a material matter without any intention of performing it   ☐   as stated
            in Attachment FR-4.a   ☐   as follows:

        b.  Defendant's promise without any intention of performance was made with the intent to defraud and induce
            plaintiff to rely upon it and to act as described in Item FR-5. At the time plaintiff acted, plaintiff was unaware of
            defendant's intention not to perform the promise. Plaintiff acted in justifiable reliance upon the promise.

FR-5.  In justifiable reliance upon defendant's conduct, plaintiff was induced to act   ☐   as stated in Attachment FR-5
        ☒  as follows:
        Plaintiffs were unaware that the requested change in beneficiary entitling them to the represented life
        insurance proceeds had not been finalized and, therefore, could not assist PETER J. SABECKY, the
        Decedent, in affecting the desired change in beneficiaries due to the concealment by the Defendants,
        and each of them.

FR-6.  Because of plaintiff's reliance upon defendant's conduct, plaintiff has been damaged   ☐   as stated in
        Attachment FR-6   ☒   as follows:
        Daniel Toussaint in the amount of $23,200.00
        Matthew Toussaint, a.k.a. Mathew Toussaint, in the amount of $17,400.00
        Nicole Toussaint, a.k.a. Nichole Toussaint, in the amount of $17,400.00

FIR-7. Other:
        The withholding of the life insurance proceeds from the Plaintiffs, and each of them, is despicable and
        is an act of intentional bad faith, in contravention to Exhibits "A1", "A2", "A3" and "B" hereof, and
        warrants an award of punitive damages according to proof. Plaintiffs are entitled to interest at the
        legal rate of ten percent (10%) per annum or other amount, according to proof, on the unpaid life
        insurance proceeds from April 4, 2005 through the date of payment.

2007 Jun 15 04:49 PM CIGNA (215) 761-3813

| SHORT TITLE: | | CASE NUMBER: | PLD-C-001(3) |
|---|---|---|---|
| Toussaint, et al. vs. Metropolitan Life Insurance Co., et al. | | | |

SIXTH    CAUSE OF ACTION—Fraud
*(number)*

ATTACHMENT TO  [X] Complaint    [ ] Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

FR-1. Plaintiff *(name):* Daniel Toussaint; Matthew Toussaint, aka Mathew T. Toussaint; and Nicole Toussaint, aka Nichole
T. Toussaint
alleges that defendant *(name):* METROPOLITAN LIFE INSURANCE COMPANY; LIFE INSURANCE
COMPANY OF NORTH AMERICA; and CHARLES SCHWAB & CO., INC.
on or about *(date):* 6/30/2005                     defrauded plaintiff as follows:

FR-2. [ ]  Intentional or Negligent Misrepresentation
a. Defendant made representations of material fact    [ ] as stated in Attachment FR-2.a    [ ] as follows:

b. These representations were in fact false. The truth was    [ ] as stated in Attachment FR-2.b    [X] as follows:

c. When defendant made the representations,
[ ]  defendant knew they were false, or
[ ]  defendant had no reasonable ground for believing the representations were true.

d. Defendant made the representations with the intent to defraud and induce plaintiff to act as described
in item FR-5. At the time plaintiff acted, plaintiff did not know the representations were false and believed
they were true. Plaintiff acted in justifiable reliance upon the truth of the representations.

FR-3. [ ]  Concealment
a. Defendant concealed or suppressed material facts    [ ] as stated in Attachment FR-3.a    [X] as follows:

b. Defendant concealed or suppressed material facts
[ ]  defendant was bound to disclose.
[ ]  by telling plaintiff other facts to mislead plaintiff and prevent plaintiff from discovering the concealed
or suppressed facts.

c. Defendant concealed or suppressed these facts with the intent to defraud and induce plaintiff to act
as described in item FR-5. At the time plaintiff acted, plaintiff was unaware of the concealed or suppressed
facts and would not have taken the action if plaintiff had known the facts.

Page    11

Form Approved for Optional Use
Judicial Council of California
PLD-C-001(3) [Rev. January 1, 2007]                    CAUSE OF ACTION—Fraud

Page 1 of 2
Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

*LexisNexis® Automated California Judicial Council Forms*

2007-Jun-15 04:45 PM CIGNA (215) 761-3813                                        30/40

PLD-C-001(3)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Toussaint, et al. vs. Metropolitan Life Insurance Co., et al. | |

SIXTH                    CAUSE OF ACTION—Fraud
(number)

FR-4. [X] Promise Without Intent to Perform

a. Defendant made a promise about a material matter without any intention of performing it [ ] as stated in Attachment FR-4.a [ ] as follows:

That a claim pursuant to the life insurance policy in effect for PETER J. SABECKY which Defendants' records indicated that the Plaintiffs, and each of them, were named beneficiaries to would provide an anticipated claim benefit of $22,200.00 for Daniel Toussaint, $17,400.00 for Matthew Toussaint, a.k.a. Mathew Toussaint and $17,400.00 for Nicole Toussaint, a.k.a. Nichole Toussaint (Exhibits A1, A2, A3 and B).

b. Defendant's promise without any intention of performance was made with the intent to defraud and induce plaintiff to rely upon it and to act as described in item FR-5. At the time plaintiff acted, plaintiff was unaware of defendant's intention not to perform the promise. Plaintiff acted in justifiable reliance upon the promise.

FR-5. In justifiable reliance upon defendant's conduct, plaintiff was induced to act [ ] as stated in Attachment FR-5 [X] as follows:

Defendants, and each of them, did not inform Plaintiffs or PETER J. SABECKY that the requested change in beneficiary entitling Plaintiffs to the life insurance proceeds had not been "finalized" by Defendants and, therefore, without such notice, PETER J. SABECKY, the Decedent, was unable to complete the desired change in beneficiaries due to said concealment by the Defendants, and each of them.

FR-6. Because of plaintiff's reliance upon defendant's conduct, plaintiff has been damaged [ ] as stated in Attachment FR-6 [X] as follows:

Daniel Toussaint in the amount of $23,200.00
Matthew Toussaint, a.k.a. Mathew Toussaint, in the amount of $17,400.00
Nicole Toussaint, a.k.a. Nichole Toussaint, in the amount of $17,400.00

FR-7. Other:

The withholding of the life insurance proceeds from the Plaintiffs, and each of them, is despicable and is an act of intentional bad faith, in contravention to Exhibits "A1", "A2", "A3" and "B" hereof, and warrants an award of punitive damages according to proof. Plaintiffs are entitled to interest at the legal rate of ten percent (10%) per annum or other amount, according to proof, on the unpaid life insurance proceeds from April 4, 2005 through the date of payment.

2007-Jun-19 04:45 PM CIGNA (215) 761-5815                                                      31/40

PLD-C-001(2)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Toussaint, et al. vs. Metropolitan Life Insurance Co., et al. | |

SEVENTH     CAUSE OF ACTION—Common Counts
(number)

ATTACHMENT TO [X] Complaint    [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

CC-1. Plaintiff *(name):* Daniel Toussaint, Matthew Toussaint, aka Matthew T. Toussaint, and Nicole Toussaint, aka Nichole T. Toussaint

alleges that defendant *(name):* Metropolitan Life Insurance Company Life Insurance Co. of N.American & Charles Schwab & Co., Inc.

became indebted to    [X] plaintiff    [ ] other *(name):*

   a.  [X]  within the last four years
       (1)  [ ]  on an open book account for money due.
       (2)  [X]  because an account was stated in writing by and between plaintiff and defendant in which it
             was agreed that defendant was indebted to plaintiff.

   b.  [X]  within the last    [X] two years    [ ] four years
       (1)  [ ]  for money had and received by defendant for the use and benefit of plaintiff.
       (2)  [ ]  for work, labor, services and materials rendered at the special instance and request of defendant and for which
             defendant promised to pay plaintiff
               [ ]  the sum of $
               [ ]  the reasonable value.
       (3)  [ ]  for goods, wares, and merchandise sold and delivered to defendant and for which defendant
             promised to pay plaintiff
               [ ]  the sum of $
               [ ]  the reasonable value.
       (4)  [ ]  for money lent by plaintiff to defendant at defendant's request.
       (5)  [X]  for money paid, laid out, and expended to or for defendant at defendant's special instance and
             request.
       (6)  [ ]  other *(specify):*

CC-2. $ 58,000.00                               , which is the reasonable value, is due and unpaid despite plaintiff's demand,
     plus prejudgment interest    [ ] according to proof    [X] at the rate of    10.00    percent per year
     from *(date):* April 5, 2005

CC-3. [X]  Plaintiff is entitled to attorney fees by an agreement or a statute
          [ ]  of $
          [X]  according to proof.

CC-4. [X]  Other:
     Plaintiffs are each entitled to interest on said sums due at the legal rate of ten percent (10%)
     per annum, or other amount according to proof, from on or about April 5, 2005 until date of
     payment.

Page    13

Form Approved for Optional Use
Judicial Council of California
PLD-C-001(2) [Rev. January 1, 2007]

CAUSE OF ACTION—Common Counts

Page 1 of 1
Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

LexisNexis® Automated California Judicial Council Forms

| SHORT TITLE: | | CASE NUMBER: | PLD-PI-001(6) |
|---|---|---|---|
| Toussaint, et al. vs. Metropolitan Life Insurance Co., et al. | | | |

## Exemplary Damages Attachment

ATTACHMENT TO  [ X ] Complaint  [   ] Cross - Complaint          Page ___14___

EX-1. As additional damages against defendant (name): METROPOLITAN LIFE INSURANCE COMPANY, LIFE INSURANCE COMPANY OF NORTH AMERICA, and CHARLES SCHWAB & CO., INC.

Plaintiff alleges defendant was guilty of
[ X ] malice
[ X ] fraud
[ X ] oppression

as defined in Civil Code section 3294, and plaintiff should recover, in addition to actual damages, damages to make an example of and to punish defendant.

EX-2. The facts supporting plaintiff's claim are as follows:

The actions of the Defendants, and each of them, as depicted herein, amount to "bad faith" and merit an award of punitive damages. Specifically, the Defendants, and each of them, had written notice from the Decedent, PETER J. SABECKY, more than two (2) years before he died that he was not married and wanted to make the Plaintiffs, and each of them, beneficiaries of his group life insurance policy. A copy of said written notification is attached hereto as Exhibit "B" and is incorporated herein by this reference. The Defendants, and each of them, acknowledged a change of beneficiary in their records and that the Plaintiffs, and each of them, were entitled to said group life insurance proceeds (see Exhibit(s) "A1", "A2" and "A3"). Nonetheless, the Defendants have failed, refused and continue to fail and refuse, to pay the life insurance proceeds that the Defendants' own records show the Plaintiffs, and each of them, to be entitled to. Defendants have intentionally refused to perform in accordance with their own written representations as to who the beneficiaries of record were. The Defendants concealed any inadequacies in the written request to change beneficiary until after the Decedent, PETER J. SABECKY, had passed away. The Defendants were aware that their own records changed with respect to the beneficiaries. Nonetheless, without notice to the Plaintiffs, the Defendants paid the life insurance proceeds to the former spouse of the Decedent, whom he had divorced prior to changing the beneficiaries on or about January 8, 2003 (see Exhibit "B"). The despicable bad faith is in maintaining records that acknowledge the change of beneficiary, failing to give notice to the decedent of any problem with the written request to change beneficiaries and, yet, refusing to pay the Plaintiffs, as beneficiaries, pursuant to said acknowledgment. For whatever reason the Defendants believed the change of beneficiary was incomplete, they had a duty to not change their records and advise the Decedent, PETER J. SABECKY, promptly after the change was made on January 8, 2003 so that any error or omission could be corrected. It is despicably fraudulent to deprive these Plaintiffs, and each of them, of said proceeds and to have done so justifies a determination that exemplary damages, according to proof, are warranted.

EX-3. The amount of exemplary damages sought is
   a. [ X ] not shown, pursuant to Code of Civil Procedure section 425.10.
   b. [   ] $

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(6) [Rev. January 1, 2007]          Exemplary Damages Attachment          Page 1 of 1
Code of Civil Procedure, § 42512
www.courtinfo.ca.gov

LexisNexis® Automated California Judicial Council Forms

33/40

MetLife Recordkeeping Center
P.O. Box 6129
Utica, NY 13504-6129
1-888-842-2757
TDD 1-800-984-8652

Charles Schwab

May 18, 2005

Daniel Toussaint
631 E Liberty St
Wauconda, IL 60084

RE:   Life Insurance Claim

Dear Daniel Toussaint:

We wish to extend our condolences to you for the loss of Peter Sabecky.

The last designation on file indicates that you are the beneficiary designated to receive proceeds of the group term life insurance policy that was in effect for Peter Sabecky. *(Please note: If your name has changed, please provide a copy of the legal document involved, such as the divorce decree, marriage certificate, etc.)*

According to our records, your anticipated claim amount is $23,200.00. However, the final payment amount will be determined following review of a completed death claim form by our claim office, and may vary from the figure shown.

To help you, we have established the MetLife Survivor Assistance Program…Delivering the Promise (DTP), which provides personal assistance and dedicated services to beneficiaries. A specially-trained DTP Specialist will contact you shortly to answer questions and offer assistance. The enclosed brochure fully describes the program and details the concerns your DTP Specialist can help you address, including claim filing with MetLife and other insurance companies. However, if you wish to file a claim directly, please follow the instructions below.

To file a claim for these proceeds, please complete the enclosed claimant's statement and return it in the enclosed envelope along with a certified death certificate. Upon receipt of these documents, the claim will be reviewed for payment.

A determination on the payment of the benefits cannot be made until all of the information necessary to review the claim has been received.

EXHIBIT  A-1

If you have any questions about the submission of this claim, please contact our Life Claims Unit at 1-800-638-6420, Monday through Friday, between 8:00 a.m. and 5:00 p.m. Eastern Time.

Sincerely,

Bernie Ouellette
Customer Service Representative
MetLife Recordkeeping Center

Enc:    Claimant's Statement/TCA Form
        Return Envelope
        Brochure

WF3

2007-Jun-15 04:40 PM CIGNA (215) 761-5813    35/40

*MetLife Recordkeeping Center*
*P.O. Box 6129*
*Utica, NY 13504-6129*
*1-888-842-2757*
*TDD 1-800-984-8652*

*Charles Schwab*

May 18, 2005

Matthew Toussaint
631 E Liberty St
Wauconda, IL 60084

RE:    Life Insurance Claim

Dear Matthew Toussaint:

We wish to extend our condolences to you for the loss of Peter Sabecky.

Our records indicate that you are a beneficiary designated to receive proceeds of the group term life insurance policy that was in effect for Peter Sabecky. Therefore, the death benefits will be paid to you if the claim for these benefits is approved. *(Please note: If your name has changed, please provide a copy of the legal document involved, such as the divorce decree, marriage certificate, etc.)*

According to our records, your anticipated claim amount is $17,400.00. However, the final payment amount will be determined following review of a completed death claim form by our claim office, and may vary from the figure shown.

To help you, we have established the MetLife Survivor Assistance Program...Delivering the Promise (DTP), which provides personal assistance and dedicated services to beneficiaries. A specially-trained DTP Specialist will contact you shortly to answer questions and offer assistance. The enclosed brochure fully describes the program and details the concerns your DTP Specialist can help you address, including claim filing with MetLife and other insurance companies. However, if you wish to file a claim directly, please follow the instructions below.

To file a claim for these proceeds, please complete the enclosed claimant's statement and return it in the enclosed envelope. A death certificate has already been requested. Upon receipt of the form, the claim will be reviewed within ten business days for payment.

A determination on the payment of the benefits cannot be made until all of the information necessary to review the claim has been received.

EXHIBIT  A-2

2007-Jun-15 04:46 PM CIGNA (215) 761-3813                                    36/40

If you have any questions about the submission of this claim, please contact our Life Claims Unit at 1-800-638-6420, Monday through Friday, between 8:00 a.m. and 5:00 p.m. Eastern Time.

Sincerely,

Bernie Ouellette
Customer Service Representative
MetLife Recordkeeping Center

Enc:    Claimant's Statement/TCA Form
        Return Envelope
        Brochure

WF3

2007 Jun 15 04:40 PM CIGNA (215) 761-3813

MetLife Recordkeeping Center
P.O. Box 6129
Utica, NY 13504-6129
1-888-842-2757
TDD 1-800-984-8652

*Charles Schwab*

May 18, 2005

Nichole Toussaint
631 E Liberty St
Wauconda, IL  60084

RE:    Life Insurance Claim

Dear Nichole Toussaint:

We wish to extend our condolences to you for the loss of Peter Sabecky.

Our records indicate that you are a beneficiary designated to receive proceeds of the group term life insurance policy that was in effect for Peter Sabecky. Therefore, the death benefits will be paid to you if the claim for these benefits is approved. *(Please note: If your name has changed, please provide a copy of the legal document involved, such as the divorce decree, marriage certificate, etc.)*

According to our records, your anticipated claim amount is $17,400.00. However, the final payment amount will be determined following review of a completed death claim form by our claim office, and may vary from the figure shown.

To help you, we have established the MetLife Survivor Assistance Program...Delivering the Promise (DTP), which provides personal assistance and dedicated services to beneficiaries. A specially-trained DTP Specialist will contact you shortly to answer questions and offer assistance. The enclosed brochure fully describes the program and details the concerns your DTP Specialist can help you address, including claim filing with MetLife and other insurance companies. However, if you wish to file a claim directly, please follow the instructions below.

To file a claim for these proceeds, please complete the enclosed claimant's statement and return it in the enclosed envelope. A death certificate has already been requested. Upon receipt of the form, the claim will be reviewed within ten business days for payment.

A determination on the payment of the benefits cannot be made until all of the information necessary to review the claim has been received.

EXHIBIT A-3

2007-Jun-15 04:47 PM CIGNA (215) 761-3813                                                                          38/40

If you have any questions about the submission of this claim, please contact our Life Claims Unit at 1-800-638-6420, Monday through Friday, between 8:00 a.m. and 5:00 p.m. Eastern Time.

Sincerely,

Bernie Ouellette
Customer Service Representative
MetLife Recordkeeping Center

Enc:     Claimant's Statement/TCA Form
         Return Envelope
         Brochure

WF3

2007-Jan-15 04:47 PM CIGNA (215) 761-3813                    39/40

**Charles Schwab**

SCHWABPLAN RETIREMENT SAVINGS & INVESTMENT PLAN
BENEFICIARY DESIGNATION FORM

*Faxed f. 10*
*to Sfouse*

Name (Please Print) __PETER J. SABECKY__

Social Security Number __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__

Branch/Dept. Name __SAN FRANCISCO / SFIS TECH__  No. __  Ext. __

**1. Beneficiary Designation.** *If I should die, pay my SchwabPlan Retirement Savings & Investment Plan benefits to the following beneficiaries named below:*

*If you are MARRIED and wish to designate someone OTHER THAN YOUR SPOUSE as your primary beneficiary, you must provide your spouse's consent under section 2 below. Otherwise, in the event of your death, your Plan benefits will be paid to your surviving spouse.*

*Print the NAME and RELATIONSHIP of your beneficiary(ies) and include the address(es) of your beneficiary(ies) if not currently residing in your household. See the reverse side for examples.)*

| Primary: | Name | Relationship | Address |
|---|---|---|---|
| 40% | DANIEL TOUSSAINT | NEPHEW | 631 E LIBERTY ST WAUCONDA IL 61 |
| 30% | MATHEW TOUSSAINT | NEPHEW | 631 E LIBERTY ST WAUCONDA IL 6001 |
| 30% | NICHOLE TOUSSAINT | NIECE | 631 E LIBERTY ST WAUCONDA IL 60084 |

*Secondary (in case no primary beneficiary survives you):* OR TO THE SURVIORS OR SURVIOR EQUALLY.

**2. Consent of Spouse.**

*(This section MUST BE COMPLETED BY YOUR SPOUSE if you are MARRIED and have designated someone OTHER THAN YOUR SPOUSE as your primary beneficiary. Your spouse's signature must be witnessed by a notary public or Plan representative.)*

*I have read and consent to the above primary beneficiary designation. I understand that the effect of this consent is that I am giving up my rights to benefits I might otherwise be entitled to under the Plan.*

Spouse Name __NONE — A SINGLE MAN__

Spouse Signature __  Date __

Witness Name __

Witness Signature __  Date __

Witness Address __

**3. Your Signature.**

*I understand that I am revoking any previous SchwabPlan Retirement Savings & Investment Plan beneficiary designation(s) when a subsequent beneficiary designation, and that this designation will be effective only when it is received by Charles Schwab & Co., Inc.*

Signature __ [signature]  Date __1-8-03__

• *Please make a copy for your records*

EXHIBIT **B**

2007-Jun-15 04:47 PM CIGNA (215) 761-3813    40/40

# BENEFICIARY DESIGNATION
(Before Completing This Form, See The Reverse Side)
(Do not erase or attempt to make corrections, use a new form)

**MetLife**

*Fsxoal to sign 8-10-05* (handwritten)

Group Policy No. **94857**    Insured's Social Security No. **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**

In accordance with the conditions of the Group Policy listed above, I hereby revoke any previous designations of primary beneficiary(ies) and contingent beneficiary(ies) (if any) and designate as primary beneficiary(ies) and contingent beneficiary(ies) (if any) in the event of the insured's death, the following:

## Primary Beneficiary Designation

| Full Name (Last, First, Middle Initial) | Relationship | Date of Birth | Address (Street, City, State, Zip) | Share % |
|---|---|---|---|---|
| TOUSSAINT, DANIEL | NEPHEW | 8-12-79 | 631 E. LIBERTY ST. WAUCHOLA I | 40 |
| TOUSSAINT, MATHEW | NEPHEW | 12-29-84 | SAME   60X84 | 30 |
| TOUSSAINT, NICHOLE | NIECE | 5-13-85 | SAME | 30 |

Payment will be made in equal shares or all to the survivor unless otherwise indicated.    **TOTAL:** 100%

In the event said primary beneficiary(ies) predecease(s) the insured, I designate as contingent beneficiary(ies):

## Contingent Beneficiary Designation

| Full Name (Last, First, Middle Initial) | Relationship | Date of Birth | Address (Street, City, State, Zip) | Share % |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

Payment will be made in equal shares or all to the survivor unless otherwise indicated.    **TOTAL:** 100%

If no beneficiary or contingent beneficiary designated shall be living following the insured's death, the amount payable by reason of the insured's death be payable in the Group Policy.

**Optional Elections (please check box(es) if desired)**

☐ **Unborn Child(ren)**—Any Child(ren) designated as contingent beneficiary(ies) born of the marriage of my said spouse (primary beneficiary), with me, who shall be then living, in equal shares, or all to the survivor.

It is understood and agreed that all decisions upon questions of fact, which are made in good faith by Metropolitan Life Insurance Company (MetLife) in determining unnamed contingent beneficiaries hereby designated and which are based on proof by affidavit or other written evidence satisfactory to it, shall be conclusive and shall fully protect MetLife in acting in reliance thereon.

☐ **Common Disaster**—The amount payable by reason of the insured's death shall be paid to my primary beneficiary(ies), or contingent beneficiary(ies), as applicable, only if such beneficiary(ies), is (are) living at the expiration of 24 hours following the insured's death.

—————————————————————————— OR ——————————————————————————
**NOTE: See Reverse Side for important information**

☐ **Trust(ee) Designation** (applies only if a trust has been created in an executed trust agreement)

Name of Trustee(s) _____

Address _____ City _____ State _____ Zip Code _____

and successor(s) in trust, as Trustee(s) under _____

Dated _____ executed by me and said Trustee(s) _____ (Title of Agreement) _____

MetLife shall not be responsible for the application or disposition of the proceeds by said Trustees, and the receipt of the proceeds by said Trustees shall be full discharge of the liability of MetLife under the Group Policy.

It is understood and agreed, however, that if MetLife receives proof satisfactory to it that the aforesaid trust has been revoked or is not in effect at the insured's death, the beneficiary shall be My Estate, and the payment to my legal representative based on such proof shall be full discharge of liability of MetLife under the Group Policy.

☐ **Trust(ee) (Under Will) Designation** (applies only if a trust has been set forth in your Will)

The trust(ee) under any last Will and Testament of mine as shall be admitted to probate.

If for any reason whatsoever, no Trust(ee) under any such last Will and Testament shall be duly appointed, I hereby designate My Estate as beneficiary and any payment made in good faith to the legal representative of my estate shall be full discharge of the liability of MetLife under the Group Policy.

I reserve the right to change the designated beneficiary(ies) at any time without (his/her/their) consent.

(Please Print)
Name of Insured or Owner (if assigned) **PETER J. SABECKY**    Daytime Phone No. **(925) 672-0561**

Address **5519 PENNSYLVANIA BLVD**    City **CONCORD**    State **CA**    Zip Code **94521**

Branch or Plant **SM SANCISO BRANCH, CHARLES SWAB + CO** Location **SAN FRANCISCO, CA** Location **1-8-03**