1  **FRANK D. PRESTO III** (SBN# 114139)
   LAW OFFICE OF FRANK D. PRESTO III
2  480 St. John Street, Suite 260
   Pleasanton, CA 94566-6533
3  (925) 846-4006

4  Attorney for Third Party Defendant
   **REBECCA GONZALES**

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL TOUSSAINT, MATTHEW TOUSSAINT, a.k.a. MATTHEW T. TOUSSAINT, and NICOLE TOUSSAINT, a.k.a. NICHOLE T. TOUSSAINT,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>METROPOLITAN LIFE INSURANCE COMPANY, LIFE INSURANCE COMPANY OF NORTH AMERICA, and CHARLES SCHWAB & CO., INC., and DOES 1-25, inclusive,<br><br>　　　　Defendants.<br>_____/<br>LIFE INSURANCE COMPANY OF NORTH AMERICA,<br><br>　　　　Third Party Plaintiff,<br><br>v.<br><br>REBECCA GONZALES,<br><br>　　　　Third Party Defendant..<br>_____/ | Case No. C 07-03467 MJJ<br><br>**REBECCA GONZALES'S ANSWER TO LIFE INSURANCE COMPANY OF NORTH AMERICA'S THIRD PARTY COMPLAINT** |

    Third Party Defendant Rebecca Gonzales ("Gonzales") hereby answers the Third Party Complaint filed by Third Party Plaintiff Life Insurance Company of North America ("Plaintiff")("The Complaint") as follows:

    1.    Gonzales admits the allegations in Paragraph No. 1 of the complaint on information and belief.

*Frank D. Presto III, Esq.*
*480 St. John St. Ste 260*
*Pleasanton, CA 94566*
*(925 846-4006*

**REBECCA GONZALES'S ANSWER TO
LIFE INSURANCE COMPANY OF AMERICA'S
THIRD PARTY COMPLAINT**

1     2.     Gonzales admits the allegations in Paragraph No. 2 of the complaint on information
2 and belief.
3     3.     Gonzales denies the allegation in Paragraph No. 3 of the complaint.
4     4.     Gonzales admits the allegations in Paragraph No. 4 of the complaint on information
5 and belief.
6     5.     Gonzales admits the allegations in Paragraph No. 5 of the complaint on information
7 and belief.
8     6.     As to Paragraph 6 of the complaint Gonzales incorporates by reference as though
9 fully set forth herein her answers contained in Paragraphs 1 through 5 above.
10     7.     Gonzales admits the allegations in Paragraph No. 7 of the complaint on information
11 and belief.
12     8.     Gonzales admits the allegations in Paragraph No. 8 of the complaint on information
13 and belief.
14     9.     Gonzales admits the allegations in Paragraph No. 9 of the complaint.
15     10.     Gonzales denies that she knew of Mr. Sabecky's intent to change the beneficiary
16 under the policy. Gonzales denies that in the divorce proceedings with Peter Sabecky that they
17 entered into a stipulation in June 2002 allocating all their community property assets, but rather only
18 some, not including the policy at issue in the instant case. Gonzales admits the remaining allegations
19 in Paragraph No. 10.
20     11.     Gonzales denies that Plaintiff is entitled to restitution from Gonzales. Gonzales
21 denies that it is inequitable and constitutes unjust enrichment if Gonzales is allowed to keep the
22 benefits paid to her. Gonzales denies that the benefits were incorrectly paid to her. Gonzales
23 denies that the benefits must be restored to Plaintiff. Gonzales admits the remaining allegations
24 in Paragraph No. 11 of the complaint on information and belief.
25     12.     Gonzales admits the allegations in Paragraph No. 12 of the complaint.
26     13.     Gonzales denies that if Plaintiff is found liable to the Toussaints pursuant to the
27 allegations of their complaint, a declaration is necessary and appropriate from this Court requiring
28 Gonzales to restore to Plaintiff any amount of money. Gonzales denies that Plaintiff incorrectly

*Frank D. Presto III, Esq.*
*480 St. John St. Ste 260*
*Pleasanton, CA 94566*
*(925 846-4006*

REBECCA GONZALES'S ANSWER TO
LIFE INSURANCE COMPANY OF AMERICA'S
THIRD PARTY COMPLAINT     - 2 -

1  paid funds to her under the policy.

## AFFIRMATIVE DEFENSES

AND NOW, further answering, Gonzales affirmatively avers:

### FIRST DEFENSE

1. Plaintiff's complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

2. Plaintiff's actions and the claims and demands sought to be asserted in the complaint are barred by estoppel, waiver, acquiescence, and/or ratification.

### THIRD DEFENSE

3. Any alleged injury or damage suffered by Plaintiff was in no way caused by, or result of, any fault, act or omission by Gonzales, but was caused by circumstances, persons, or entities for which Gonzales is not responsible, including Plaintiff and for which Gonzales cannot be held liable.

### FOURTH DEFENSE

4. In the event that Plaintiff has otherwise stated any claim or cause of action, which is specifically denied, Gonzales avers that Plaintiff proximately caused, or alternatively, contributed to, or alternatively, failed to mitigate, any and all losses or damages claimed by Plaintiff.

### FIFTH DEFENSE

5. Plaintiff's claims are barred by the doctrine of laches.

### SIXTH DEFENSE

6. Plaintiff's claims are barred by the applicable statute of limitations.

### SEVENTH DEFENSE

7. At all times relevant in the instant action, Gonzales acted in good faith and received said life insurance benefits with the bona fide belief that she was entitled to same.

### EIGHTH DEFENSE

8. Plaintiff's actions and claims and demands sought to be asserted in the complaint are barred due to the Plaintiff's assumption of the risk.

///

*Frank D. Presto III, Esq.*
*480 St. John St. Ste 260*
*Pleasanton, CA 94566*
*(925 846-4006*

REBECCA GONZALES'S ANSWER TO
LIFE INSURANCE COMPANY OF AMERICA'S
THIRD PARTY COMPLAINT          - 3 -

**NINTH DEFENSE**

9. Plaintiff's actions and the claims and demands sought to be asserted in Plaintiff's complaint are barred in that Plaintiff's payment to Gonzales was a voluntary payment.

**TENTH DEFENSE**

10. Plaintiff's actions and claims and demands sought to be asserted in the complaint are barred by Gonzales having no knowledge or reason to suspect that the payment made to her by Plaintiff was an erroneous payment and she has relied on said payment to her detriment.

WHEREFORE, Gonzales prays for judgment in her favor as follows:

1. That Plaintiff takes nothing by reason of its complaint on file herein;
2. That Gonzales be awarded her costs and expenses incurred in this action;
3. That Gonzales be awarded attorney's fees incurred in this action;
4. That Gonzales recover such other relief as the Court may deem just and proper

.

Date:_____          _____
                                               **FRANK D. PRESTO III**
                                               Attorney for Third Party Defendant
                                               Rebecca Gonzalez

*Frank D. Presto III, Esq.*
*480 St. John St. Ste 260*
*Pleasanton, CA 94566*
*(925 846-4006*

**REBECCA GONZALES'S ANSWER TO**
**LIFE INSURANCE COMPANY OF AMERICA'S**
**THIRD PARTY COMPLAINT**                - 4 -