1 **FRANK D. PRESTO III** (SBN# 114139)
LAW OFFICE OF FRANK D. PRESTO III
2 480 St. John Street, Suite 260
Pleasanton, CA 94566-6533
3 (925) 846-4006

4 Attorney for Third Party Defendant
**REBECCA GONZALES**

5

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL TOUSSAINT, MATTHEW TOUSSAINT, a.k.a. MATTHEW T. TOUSSAINT, and NICOLE TOUSSAINT, a.k.a. NICHOLE T. TOUSSAINT, | Case No. C 07-03467 MJJ |
| Plaintiffs, | **REBECCA GONZALES'S ANSWER TO THIRD PARTY COMPLAINT BY CHARLES SCHWAB & CO., INC.** |
| v. | |
| METROPOLITAN LIFE INSURANCE COMPANY, LIFE INSURANCE COMPANY OF NORTH AMERICA, and CHARLES SCHWAB & CO., INC., and DOES 1-25, inclusive, | |
| Defendants. | |
| LIFE INSURANCE COMPANY OF NORTH AMERICA, | |
| Third Party Plaintiff, | |
| v. | |
| REBECCA GONZALES, | |
| Third Party Defendant. | |

Third Party Defendant Rebecca Gonzales ("Gonzales") hereby answers the Third Party Complaint filed by Third Party Plaintiff Charles Schwab & CO., INC. ("Plaintiff")("The Complaint") as follows:

1. Gonzales admits the allegations in Paragraph No. 1 of the complaint on information and belief.

*Frank D. Presto III, Esq.*
*480 St. John St. Ste 260*
*Pleasanton, CA 94566*
*(925 846-4006)*

REBECCA GONZALES'S ANSWER TO
THRID PARTY COMPLAINT BY
CHARLES SCHWAB & CO., INC.

2. Gonzales denies the allegations in Paragraph No. 2 of the complaint.

3. Gonzales admits the allegations in Paragraph No. 4 of the complaint on information and belief.

4. Gonzales admits the allegations in Paragraph No. 4 of the complaint on information and belief.

5. As to Paragraph No. 5 of the complaint, Gonzales incorporates by reference as though fully set forth herein her answers contained in Paragraphs 1 through 4 above.

6. Gonzales admits the allegations in Paragraph No. 6 of the complaint on information and belief.

7. Gonzales admits the allegations in Paragraph No. 7 of the complaint. on information and belief.

8. Gonzales admits the allegations in Paragraph No. 8 of the complaint..

9. Gonzales denies that in the divorce proceedings with Peter Sabecky that they entered into a stipulation in June 2002 allocating their community property assets, including the life insurance proceeds. Gonzales admits the remaining allegations in Paragraph No. 9 of the complaint.

10. Gonzales admits that she denies that she is required to restore the monies to Schwab. Gonzales admits on information and belief the remainder of the allegations in Paragraph No. 10 of the complaint.

. 11. Gonzales denies that Schwab is entitled to restitution from Gonzales. Further, Gonzales denies that the benefits were incorrectly paid to her and that it would be inequitable, and constitutes unjust enrichment, if Gonzales is allowed to keep the benefits.

## AFFIRMATIVE DEFENSES

AND NOW, further answering, Gonzales affirmatively avers:

### FIRST DEFENSE

1. Plaintiff's complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

2. Plaintiff's actions and the claims and demands sought to be asserted in the complaint

*Frank D. Presto III, Esq.*
*480 St. John St. Ste 260*
*Pleasanton, CA 94566*
*(925) 846-4006*

REBECCA GONZALES'S ANSWER TO
THRID PARTY COMPLAINT BY
CHARLES SCHWAB & CO., INC.
- 2 -

1   are barred by estoppel, waiver, acquiescence, and/or ratification.

### THIRD DEFENSE

3.   Any alleged injury or damage suffered by Plaintiff was in no way caused by, or result of, any fault, act or omission by Gonzales, but was caused by circumstances, persons, or entities for which Gonzales is not responsible, including Plaintiff and for which Gonzales cannot be held liable.

### FOURTH DEFENSE

4.   In the event that Plaintiff has otherwise stated any claim or cause of action, which is specifically denied, Gonzales avers that Plaintiff proximately caused, or alternatively, contributed to, or alternatively, failed to mitigate, any and all losses or damages claimed by Plaintiff.

### FIFTH DEFENSE

5.   Plaintiff's claims are barred by the doctrine of laches.

### SIXTH DEFENSE

6.   Plaintiff's claims are barred by the applicable statute of limitations.

### SEVENTH DEFENSE

7.   At all times relevant in the instant action, Gonzales acted in good faith and received said life insurance benefits with the bona fide belief that she was entitled to same.

### EIGHTH DEFENSE

8.   Plaintiff's actions and claims and demands sought to be asserted in the complaint are barred due to the Plaintiff's assumption of the risk.

### NINTH DEFENSE

9.   Plaintiff's actions and the claims and demands sought to be asserted in Plaintiff's complaint are barred in that the payment to Gonzales was a voluntary payment.

### TENTH DEFENSE

10.   Plaintiff's actions and claims and demands sought to be asserted in the complaint are barred by Gonzales having no knowledge or reason to suspect that the payment made to her was an erroneous payment and she has relied on said payment to her detriment.

*Frank D. Presto III, Esq.*
*480 St. John St. Ste 260*
*Pleasanton, CA 94566*
*(925 846-4006*

REBECCA GONZALES'S ANSWER TO
THRID PARTY COMPLAINT BY
CHARLES SCHWAB & CO., INC.

- 3 -

1. WHEREFORE, Gonzales prays for judgment in her favor as follows:
2. 1. That Plaintiff takes nothing by reason of its complaint on file herein;
3. 2. That Gonzales be awarded her costs and expenses incurred in this action;
4. 3. That Gonzales be awarded attorney's fees incurred in this action;
5. 4. That Gonzales recover such other relief as the Court may deem just and proper

.

Dated: November 29, 2007

                /S/
**FRANK D. PRESTO III**
Attorney for Third Party Defendant
Rebecca Gonzalez

Frank D. Presto III, Esq.
480 St. John St. Ste 260
Pleasanton, CA 94566
(925) 846-4006

REBECCA GONZALES'S ANSWER TO
THRID PARTY COMPLAINT BY
CHARLES SCHWAB & CO., INC.

- 4 -